## A00A2398. WARDEN v. THE STATE.
(543 SE2d 388)

ELDRIDGE, Judge.

A Dougherty County jury convicted defendant Christopher Warden of trafficking in cocaine (Count 1), obstruction of an officer (Count 3), and attempting to elude (Count 4).[1] Defendant was sentenced to 30 years confinement to serve 20 years and the remainder probated. The defendant appeals from the superior court's denial of his motion for new trial, contending (1) that the cocaine should have been excluded from evidence because no proper chain of custody was shown; and (2) that the evidence as circumstantial was insufficient to support his conviction of trafficking in cocaine. Finding no merit to these contentions, we affirm.

Investigator Kevin Casey and Officer Michael Persley of the Albany Dougherty Drug Unit ("drug unit") testified that plastic bags containing a powdery substance had fallen to the ground in their struggle to arrest the defendant. In other testimony, Investigator Chris Bailey, also of the drug unit, stated that he found four plastic wrappers containing a white powdery substance on the ground after he arrived at the scene of defendant's arrest. Investigator Bailey placed the wrappers in individual plastic bags, initialing each. He then placed the plastic bags, as initialed, in individual brown paper

---

[1] The superior court granted defendant's motion for directed verdict as to Count 2 (possession of cocaine within 1,000 feet of a school).

bags, transferring the evidence thus marked and protected to Officer Persley. Officer Persley turned the evidence over to the drug unit's evidence custodian; the evidence custodian, in turn, hand-carried the evidence to the state crime lab where testing for purity showed that three of the plastic bags contained eighty-four percent pure cocaine weighing 28.4 grams. At trial, chain of custody witnesses Persley, the evidence custodian, and the crime lab technician identified State's Exhibit 1 as the evidence transferred and handled for crime lab analysis, as above. All testified that State's Exhibit 1 had not been tampered with. *Held*:

1. The defendant argues that State's Exhibit 1 should have been excluded from evidence because no proper chain of custody was shown. We find no error.

> Where the State seeks to introduce evidence of a fungible nature, it must show a chain of custody which is adequate to preserve the identity of the evidence. Hence, the burden is on the prosecution to show with reasonable certainty that the evidence is the same as that seized and that there has been no tampering or substitution. However, the State need not negate all possibility of tampering and need only establish reasonable assurance of the identity of the confiscated evidence. . . . Moreover, the remote possibility that some intermeddler having nothing to do with the case tampered with the evidence at some point after laboratory analysis thereof does not require the suppression of the evidence.

(Citations and punctuation omitted.) *Brown v. State*, 190 Ga. App. 324, 326-327 (3) (378 SE2d 908) (1989). Under the circumstances of this case, we conclude that chain of custody was established to a reasonable certainty. The remote possibility that State's Exhibit 1 was in some way disturbed by an intermeddler not otherwise connected to the case because the paper bags in which the exhibit was initially transported were not introduced in evidence does not require the suppression of the evidence. See *Pope v. State*, 256 Ga. 195, 200 (6) (345 SE2d 831) (1986). Accordingly, this claim of error is without merit.

2. The defendant argues that the evidence of trafficking in cocaine was entirely circumstantial and that the State failed to eliminate all other reasonable hypotheses save his guilt. We disagree.

In addition to testifying that the plastic wrappers in issue had fallen to the ground during the course of defendant's arrest, Officer Persley testified that the defendant repeatedly reached for them as he and Investigator Casey struggled to handcuff the defendant. However, even if we deemed the evidence presented to be entirely circum-

stantial, the question of whether the evidence excluded every reasonable hypothesis except the defendant's guilt was for the jury. *Cantrell v. State*, 230 Ga. App. 693, 695 (1) (498 SE2d 90) (1998). The evidence presented was sufficient to authorize the jury to find the defendant guilty of trafficking in cocaine under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED NOVEMBER 29, 2000.

*Brimberry, Kaplan & Brimberry, A. Lee Hayes*, for appellant.
*Kenneth B. Hodges III, District Attorney, Sadhana Pandey, Assistant District Attorney*, for appellee.