### A01A2295. MOON v. THE STATE.
(557 SE2d 442)

ELDRIDGE, Judge.

A Paulding County jury found Forrest Moon guilty of attempted trafficking in cocaine and possession of a firearm during the commission of such felony, which charges arose when, using an informant, undercover officers arranged to sell Moon and his co-defendant, Miller Sutton, Jr., a kilogram of cocaine and arrested him therefor after Moon showed the officers the $17,000 he brought to pay for the narcotics; a .357 caliber handgun was found in Moon's car within his reach. He appeals, and we affirm.

1. Moon challenges the sufficiency of the evidence against him on several grounds.

(a) Moon claims that while a "kilo" is a unit of weight, such measurement unit is not known in the United States and, thus, the State failed to prove to the jury an essential element of trafficking, i.e., that the weight of the cocaine Moon arranged to buy was 28 grams or more as alleged in the indictment.

A kilogram is an internationally recognized metric measurement which is the equivalent of 1,000 grams or approximately 2.2 pounds.[1] While the better practice might be to prove the weight of any narcotics at issue in the same unit of measure referenced in the indictment, our cases in the past have recognized that proof of a "kilo" of a narcotic demonstrates a trafficking amount even when the indictment

---

[1] See the American Heritage Dictionary (3rd ed.), p. 991.

charged in grams.[2] Further, this Court is not prepared to declare that the United States, which has recognized the metric system, is divorced from the international community, as urged by appellant.

But pretermitting the above, there was proof in the instant case that the kilo of cocaine appellant was attempting to purchase was the size of a "bag of flour" and that such was wrapped in duct tape and then covered in plastic. It was also established that a "kilo-sized deal" is very rare in Paulding County because "it's a large amount of drugs." Thereafter, it was established that 28 grams of cocaine, a trafficking amount, is little more than *one ounce* of cocaine.

It is common knowledge that a "bag of flour," even a small one, weighs more than one ounce. Further, duct tape would not be "wrapped around" only one ounce of cocaine, and one ounce of cocaine is not such a "large amount" of the drug that it would be considered "very rare" in any county. Accordingly, there was sufficient evidence for a rational trier of fact to find beyond a reasonable doubt that appellant was attempting to purchase an amount of cocaine *over* one ounce, i.e., 28 grams or more as charged in the indictment.[3]

(b) Moon contends the evidence was insufficient because the testimony of the State's witnesses, including the informant, "conflicted in numerous instances, contradicted each other and were inconsistent and irreconcilable with prior statements." However, it is the jury's responsibility to resolve conflicts in the evidence and determine the credibility of the witnesses. This Court looks only at whether there is sufficient evidence to support the jury's ultimate verdict after its resolution of conflict and credibility issues.

Here, the State's witnesses presented evidence to show that Moon and his co-defendant drove into Paulding County for the specific purpose of meeting undercover agents in the parking lot of the abandoned Winn-Dixie warehouse on Highway 120 and Business Route 6 for the sole purpose of exchanging $17,000 for a kilogram of cocaine. Upon meeting with the undercover agents, Moon and his co-defendant asked to see the "key." Thereafter, Moon showed the $17,000 to the undercover agent before he was arrested. This evidence is sufficient for a rational trier of fact to have found Moon guilty as charged of attempted trafficking in cocaine.[4]

(c) Moon contends the evidence is insufficient to show he possessed the firearm found in his vehicle, because it could have belonged to his co-defendant. We disagree.

During the attempted purchase of the kilo of cocaine, a .357 mag-

---

[2] See, e.g., *York v. State*, 242 Ga. App. 281, 283 (528 SE2d 823) (2000); *Obiozor v. State*, 213 Ga. App. 523, 527 (445 SE2d 553) (1994).

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[4] *Warden v. State*, 247 Ga. App. 91, 92-93 (543 SE2d 388) (2000).

num pistol was found in Moon's car wedged between the passenger seat and the center console within reach of Moon. The co-defendant was in the backseat. In addition, the State introduced a similar transaction wherein during a traffic stop and subsequent consent search for narcotics, Moon was arrested for, inter alia, carrying a handgun that was concealed under the passenger seat of the car he was driving. Thereafter, during a subsequent search incident to arrest, 14 grams of cocaine were found on Moon's person. We find this evidence sufficient for a rational trier of fact to have found that, in the instant case, Moon repeated his earlier conduct/modus operandi and possessed a firearm while engaging in a felony violation of the Georgia Controlled Substances Act.[5]

2. Next, in several claims of error, Moon contends that he received ineffective assistance of counsel at trial. Upon review of the claims as alleged, we disagree.

The proper standard to be employed in determining enumerations concerning ineffective assistance of counsel, whether based upon a claim of right arising under federal or state law, is the two-pronged test announced in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). First, appellant must show that counsel's performance was deficient; second, he is required to show that he was prejudiced by counsel's deficient performance. There is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance, and that any challenged action by trial counsel might be considered sound trial strategy. As to the second prong, the question is whether there exists a reasonable probability that, but for his counsel's errors, the jury would have had a reasonable doubt regarding appellant's guilt, that is, but for counsel's unprofessional errors, the result of the proceeding would have been different. Further, a trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous.[6]

(a) Moon claims his attorney was ineffective for failing to file a motion to suppress because his "warrantless arrest was made without probable cause in that the arrest was predicated on information

---

[5] *McCormick v. State,* 228 Ga. App. 467-468 (1) (491 SE2d 903) (1997); *Woods v. State,* 224 Ga. App. 52, 55 (4) (479 SE2d 414) (1996).

[6] (Citation and punctuation omitted.) *Cromartie v. State*, 241 Ga. App. 718 (1) (527 SE2d 228) (1999).

provided by an informant who was totally unreliable." However, this claim of error goes to the requirement of reliability attendant when an officer asserts probable cause for arrest or search based upon *hearsay* information from a confidential informant.[7] The establishment of such reliability requirement does not exist when, as in this case, the informant testifies at trial. In such instance, the issue of the informant's reliability and the veracity of his information are questions for the jury to resolve. "[The testifying informant's] veracity was subject to attack on cross-examination, and the jury, as always, was the sole arbiter of witness credibility."[8] Accordingly, a motion to suppress on the basis as alleged would be meritless and cannot serve as a basis for ineffective assistance of counsel.

(b) Moon contends his trial counsel was ineffective because he failed to move for a directed verdict at the close of the State's evidence; he claims that such failure prevented the trial court's review of the sufficiency of the State's evidence. Our decisions in Division 1 (a), (b), and (c), supra, render the instant claim moot, since the State's evidence was sufficient to support conviction.[9]

(c) Moon contends his trial counsel was ineffective for failing to utilize a transcript of his earlier probation revocation for the instant offense in order to impeach the trial testimony of Agent Donny Scott, the lead investigating officer who also testified at the revocation hearing. However, we have reviewed the transcript of the revocation hearing in relation to the witness' trial testimony. We find nothing so inconsistent between the two that the failure to use such transcript for impeachment purposes would demonstrate ineffective assistance of trial counsel. In that regard, the impeaching "conflicts" Moon urges by brief were either brought out during trial, did not involve a factual conflict in the agent's testimony, or did not involve the probation hearing transcript at all. Accordingly, neither error nor prejudice has been shown.

(d) Meritless also is the claim that trial counsel was ineffective for failing to subpoena medical information that Moon's right arm was broken and in a cast, thereby making it "impossible" for Moon to have opened the trunk of his vehicle in order to retrieve the money therefrom. Evidence that Moon was wearing a cast on his right arm came out during the State's case. And at the hearing on the motion for new trial, Moon's attorney testified that Moon had "stat[ed] at all times that he was going to tell the jury about his arm and that he had nothing to do with this particular crime, and he changed his

---

[7] *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983). See also the old two-prong test set forth in *Aguilar v. Texas*, 378 U. S. 108 (84 SC 1509, 12 LE2d 723) (1964).

[8] (Citation omitted.) *Walthour v. State*, 269 Ga. 396, 398, n. 8 (497 SE2d 799) (1998).

[9] *Hendrix v. State*, 242 Ga. App. 678, 680 (530 SE2d 804) (2000).

mind at the time of the trial after the State ended its case." The attorney testified that Moon's decision not to testify took him completely by surprise, and thus there was no time to subpoena medical records so as to attempt to do what Moon had insisted all along he would do. Accordingly, the instant claim of ineffective assistance does not demonstrate attorney error.

(e) Moon's remaining claims of ineffective assistance of counsel are waived because they were not raised below at the motion for new trial. "Any ineffective counsel challenge will be deemed waived if the new attorney files an amended motion for new trial and does not raise the issue before the trial court so that the challenge can be heard at the earliest practicable moment, i.e., during the hearing on the amended motion."[10]

3. Moon next challenges the admission of similar transaction evidence of Moon's prior possession of a firearm during the commission of a felony. "But [Moon] failed to object to the introduction of the similar transaction evidence at trial, which waived the issue on appeal. The rule requiring a trial objection on similar transaction evidence is firm in Georgia jurisprudence, and we are bound to follow it."[11]

4. In addition, we find no error in testimony from similar transaction witness Officer Tim Carter that the substance found on Moon during the prior incident tested positive for cocaine. With regard thereto, Moon pled guilty to possession of cocaine with the intent to distribute such, and a certified copy of his guilty plea to that offense went before the jury. Thus, Carter's testimony "was merely cumulative of other evidence properly before the jury. This enumeration presents no grounds for reversal."[12]

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED DECEMBER 6, 2001.

*Tony L. Axam*, for appellant.
*James R. Osborne, District Attorney*, for appellee.

---

[10] (Citation and punctuation omitted.) *Thompkins v. State*, 272 Ga. 835, 836-837 (2) (c) (536 SE2d 747) (2000).

[11] (Citations and punctuation omitted.) *McNair v. State*, 240 Ga. App. 324, 325 (2) (523 SE2d 392) (1999).

[12] *Cleveland v. Bryant*, 236 Ga. App. 459, 461 (4) (512 SE2d 360) (1999).