A01A2262. HICKS v. THE STATE.
(563 SE2d 897)

BLACKBURN, Chief Judge.

Wayne Hicks appeals his convictions of five counts of child molestation, two counts of cruelty to children in the first degree, and one count of enticing a child for indecent purposes, contending that the trial court should have excluded approximately forty-five high school students from the courtroom, that it should have directed a verdict in his favor on one of the child molestation counts and on the enticing count, and that the latter count should have been merged into the former. Finding no error, we affirm.

1. Hicks' initial contention is that the trial court should have excluded from the courtroom approximately 45 students in the tenth through twelfth grades whose presence, according to Hicks, "caused a sympathetic environment towards the alleged victims." At a bench conference after voir dire of the jury, Hicks' counsel objected to the presence of the students on the ground that "it would violate my client's right to an impartial jury," noting that the students were aged

---

[14] *Sutton v. State*, 245 Ga. App. 881, 883 (539 SE2d 227) (2000).

"anywhere from fifteen to perhaps eighteen" and that their presence "might create a sympathy atmosphere." In denying Hicks' motion to exclude the students, the court stated that it had been "explained to them that they can make no comments, no facial movements whatsoever, that in the event they do, this Court . . . would excuse them from the room." Moreover, Hicks makes no claim that the students failed to obey the court's admonition to "make no comments [or] facial movements whatsoever," unlike *Glenn v. State*[1] where the widow of the victim was "audibly and visibly weeping."

In *Pratt v. State*,[2] the defendant, a prisoner, was on trial for mutiny for biting a guard. After the evidence had closed, about 25 uniformed but unarmed correctional officers appeared toward the back of the courtroom, and the defendant objected on the basis that their presence created an "atmosphere . . . of partiality." Id. at 568. In finding that the court did not abuse its discretion in permitting the officers to remain, we noted that there was no evidence of "pretrial publicity, a hostile community atmosphere, or any other factor which would warrant the conclusion that the presence of the prison guards was actually or inherently prejudicial." Id. Likewise, Hicks points to no such factors at work in this case. The presence of the students in the courtroom does not provide a basis for reversal. We note, however, that even in those cases where a trial court may not be "obligated" to exclude certain spectators, id. at 569, the wiser course may be to do so.

2. Hicks contends that the trial court should have granted his motion for a directed verdict of acquittal on Count 6 of the indictment, which charged the offense of child molestation.

> The standard of review for the denial of a motion for directed verdict of acquittal is the same as for determining the sufficiency of the evidence to support a conviction. We view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.

(Footnotes omitted.) *Watkins v. State*.[3]

OCGA § 16-6-4 (a) provides that "[a] person commits the offense of child molestation when he . . . does any immoral or indecent act to

[1] *Glenn v. State*, 205 Ga. 32, 35 (52 SE2d 319) (1949).
[2] *Pratt v. State*, 228 Ga. App. 567 (492 SE2d 310) (1997).
[3] *Watkins v. State*, 253 Ga. App. 382, 385 (3) (559 SE2d 133) (2002).

. . . any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of . . . the person." The victim named in Count 6 testified that she was 14 years old, that she had "big legged shorts on," that the defendant was sitting right in front of her when he asked her to spread her legs, that she asked, "why would I?," and that he responded, "well, you know you have a fine body." Hicks points out that "it was never shown that appellant ever . . . attempted to look up her shorts." But the "act" required by the statute may be merely verbal. *Bowman v. State.*[4] Thus, the evidence was sufficient for a rational trier of fact to find Hicks guilty of this count of child molestation beyond a reasonable doubt.

3. Hicks also contends that the trial court should have granted his motion for a directed verdict on Count 7, which charged the offense of enticing a child for indecent purposes. OCGA § 16-6-5 (a) provides that "[a] person commits the offense of enticing a child for indecent purposes when he . . . solicits, entices, or takes any child under the age of 16 years to any place whatsoever for the purpose of child molestation or indecent acts." The victim named in this count was the same as the victim in the child molestation count discussed in Division 2. She testified that immediately after the verbal exchange discussed in Division 2, Hicks "kept on trying to pull me towards him." Hicks contends that "no evidence was offered to show . . . the asportation requirement." The identical claim was made in *Bragg v. State,*[5] however, and we there wrote that "[a]ny asportation, however slight, is sufficient to show [the taking] element [of enticing a child for indecent purposes]." Thus, the evidence was sufficient for a rational trier of fact to find Hicks guilty of enticing a child for indecent purposes beyond a reasonable doubt.

4. Hicks argues that he should not have been sentenced under Count 7 because all the facts used to prove that count were "used up" in proving Count 6. He concedes that the two offenses do not merge as a matter of law. *Leon v. State.*[6] He claims, however, that "because the evidence arose from the same act, the evidence of a grabbing was used by the State to find a pattern of conduct which amounted to child molestation, the charge of enticing a minor should have merged with the child molestation case." Here, however, the molestation was completed before the enticement occurred, id. at 108, and "the prosecution did not have to prove the subsequent [enticement] in order to prove the [molestation] count." Id.

5. Hicks contends, finally, that "the evidence was insufficient to convict Appellant." This portion of his brief is limited to Counts 6 and

[4] *Bowman v. State*, 227 Ga. App. 598 (490 SE2d 163) (1997).
[5] *Bragg v. State*, 217 Ga. App. 342 (1) (457 SE2d 262) (1995).
[6] *Leon v. State*, 237 Ga. App. 99, 107 (5) (513 SE2d 227) (1999).

7, however, and adds nothing to the arguments addressed in Divisions 2 and 3, supra.

The evidence was sufficient to support the verdict. See *Jackson v. Virginia*.[7]

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED MARCH 28, 2002 —
RECONSIDERATION DENIED APRIL 10, 2002 —

*William W. Bond, Jr.*, for appellant.
*Roger G. Queen, District Attorney*, for appellee.

[7] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).