## A03A0161. WYLEY v. THE STATE.
### (577 SE2d 32)

JOHNSON, Presiding Judge.

Verneel Wyley was indicted for rape, kidnapping, kidnapping with bodily injury, two counts of aggravated assault, two counts of child molestation, and enticing a child for indecent purposes. He was convicted of one count of child molestation and enticing a child for indecent purposes and was acquitted of the other offenses. He appeals, challenging the sufficiency of the evidence supporting the convictions and the effectiveness of his trial counsel. The challenges lack merit, and we therefore affirm Wyley's convictions.

1. Wyley argues that the evidence supporting his child molestation and enticing a child convictions is insufficient because the jury acquitted him of the other charged offenses. The argument has no merit because the jury's not guilty verdicts on some offenses have no bearing whatsoever on the sufficiency of the evidence supporting the guilty verdicts on other offenses. And it is apparent from a review of the trial testimony that there is sufficient evidence to support the guilty verdicts.

On appeal from a criminal conviction, the evidence is construed in the light most favorable to the verdict, and the appellant is no longer presumed innocent.[1] The appellate court does not weigh evidence, judge the credibility of witnesses, or resolve conflicts in testimony.[2] Rather, it determines only if a rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt.[3]

In the instant case, a 13-year-old girl and a 15-year-old girl testified that they had left a shopping mall and were walking to a bus stop when a man approached them. He was wearing khaki pants and a shirt with a PetSmart logo. He began talking to the girls, offered them jobs, and gave the 13-year-old a napkin on which he had written a telephone number and his name, Verneel Wyley.

The man then started talking about sex, and the girls tried to walk away from him. But he pointed a handgun at them, threatened to shoot them, and forced them into a nearby wooded area. While still

---

[1] *Mann v. State*, 244 Ga. App. 756, 757 (1) (536 SE2d 608) (2000).
[2] Id.
[3] Id.

holding the gun, the man threw the 13-year-old girl to the ground and had sexual intercourse with her. The 15-year-old girl tried to stop the man, but he hit her with his gun, injuring her jaw and wrist. After the attack, the man fled.

The girls reported the assault to their mothers, who contacted the police. The girls identified Wyley from a police photographic lineup. Police traced the telephone number on the napkin to Wyley's wife. They also searched Wyley's home and found seven pairs of khaki pants and three PetSmart shirts. At trial, the girls again identified Wyley as the man who had attacked them.

A doctor who examined the 13-year-old girl shortly after the assault found that the girl had a tear to the opening of her vagina, a tear to the area between the vaginal opening and the rectum, and an abrasion inside her vagina. The doctor who examined the 15-year-old girl after the assault confirmed that she had suffered injuries to her jaw and wrist.

Having reviewed the evidence in the light most favorable to the verdict, we find sufficient evidence from which a rational trier of fact could have found Wyley guilty beyond a reasonable doubt of child molestation[4] and enticing a child for indecent purposes.[5]

2. Wyley claims that his trial counsel was ineffective in pressuring him to give up his right to testify, in failing to cross-examine witnesses about inconsistent statements, and in failing to interview possible defense witnesses. To establish ineffective assistance of counsel, Wyley has the burden of showing both that counsel's performance was deficient and that the deficient performance prejudiced his defense.[6] Wyley has failed to make both showings as to any of his ineffective assistance claims.

As for the claim that trial counsel improperly pressured Wyley into giving up his right to testify, testimony from both counsel and Wyley at the motion for new trial hearing shows no such thing. Rather, it is apparent from their testimony that counsel fully informed Wyley of his right to testify, but advised him not to testify because she thought he would be a poor witness and might say something on the stand that would open the door for the state to question him about similar incidents that had not been allowed into evidence. Furthermore, when Wyley waived his right to testify at trial, he told the court that he had thoroughly discussed the matter with his attorney, that he understood his right to testify, that he had voluntarily decided not to testify, and that no one had forced or coerced him into not testifying. The record clearly establishes that Wyley was not

---

[4] See *Hicks v. State*, 254 Ga. App. 814, 815 (2) (563 SE2d 897) (2002).
[5] See id. at 816 (3).
[6] See *Bogan v. State*, 255 Ga. App. 413, 415 (3) (565 SE2d 588) (2002).

denied his right to testify, and counsel's strategic choice to advise him not to testify was not deficient.[7]

As for his claim that counsel failed to cross-examine witnesses about inconsistent statements, Wyley has not identified any inconsistent statements in his brief. Thus, there is nothing for us to review, and Wyley has failed to meet his burden of showing a deficient performance by his lawyer that prejudiced his defense.

Finally, with regard to the purported defense witnesses that counsel failed to call, Wyley has made no proffer as to what their testimony might have been. Rather, he simply testified at the motion for new trial hearing that three of his neighbors had seen him with the two young victims. Counsel testified that she and investigators were never able to find these three purported witnesses. Moreover, she testified that she did not think it would have been helpful to the defense to put up witnesses who would establish that Wyley had in fact been with the girls prior to the assault. Tactical decisions about which witnesses to call do not amount to ineffective assistance of counsel.[8] Under these circumstances, we find that the performance of Wyley's counsel was not deficient.

*Judgment affirmed. Eldridge and Mikell, JJ., concur.*

DECIDED JANUARY 29, 2003.

*Carla J. Friend*, for appellant.

*J. Tom Morgan, District Attorney, Robert M. Coker, Kristin M. Childers, Assistant District Attorneys*, for appellee.

[7] See *Hamilton v. State*, 274 Ga. 582, 589 (13) (555 SE2d 701) (2001).

[8] See *Dewberry v. State*, 271 Ga. 624, 625 (2) (523 SE2d 26) (1999); *Rogers v. State*, 253 Ga. App. 675, 677 (3) (560 SE2d 286) (2002).