A05A1869. ROBISON v. THE STATE.
(625 SE2d 533)

SMITH, Presiding Judge.

Adam Bryan Robison was indicted by a Murray County grand jury on one count of aggravated assault. He was found guilty by a jury, and his amended motion for new trial was denied in a lengthy, well-reasoned order. Robison appeals, asserting the general grounds, error in a jury instruction, and ineffective assistance of counsel. Finding no error, we affirm.

1. Construing the evidence in favor of the verdict, the record shows that the victim, Robison's brother, had allowed him to stay with him on a temporary basis "for a couple of weekends." Robison left on Monday morning after a weekend stay, and the victim did not expect him back until the next weekend at the earliest. On Monday evening, however, Robison returned to the victim's home and let himself in. He was "really belligerent," and the victim was frightened because Robison had beaten him before. He asked Robison to "leave and don't come back" and put his belongings on the porch. Robison went to his car, retrieved a meat cleaver and pursued the victim into

his home. The victim fled to his bedroom to retrieve a pool cue from behind the bed and Robison followed; the victim testified that he was in fear for his life and began hitting Robison with the cue. While he was hitting Robison, he "realized I was cut." He ran from the house and fled to nearby neighbors as Robison was cutting him on the back. He shouted for the neighbors "to call the law, and they said that they had already called the law." At this point, Robison fled the scene. The victim suffered six cuts to the body and legs, one of which required stitches.

> When reviewing a conviction, we determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt. We determine only the sufficiency of the evidence under this standard and not the weight of the evidence or the credibility of the witnesses. As long as some competent evidence exists, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.

(Citations omitted.) *Goodman v. State,* 237 Ga. App. 795, 796 (516 SE2d 824) (1999). In arguing the general grounds, Robison appears to assert that his conduct was justified in self-defense, contending that he only defended himself from the victim's unjustified attack.

Robison first argues that his conduct was not "a reasonable imminent threat of the use of deadly force" because the victim did not see the meat cleaver in his hand before he was struck. But Robison argued with the victim, then took up the weapon and pursued him into his home and then into his bedroom. The victim testified to Robison's prior attacks on him and his fear of Robison. Whether this constituted a reasonable imminent threat was a question for the jury, and "this court reviews the sufficiency of the evidence, not its weight. [Cit.]" *Zachery v. State,* 199 Ga. App. 891, 893 (406 SE2d 243) (1991).

Robison also argues that OCGA § 16-3-23, which addresses the "[u]se of force in defense of habitation," forbade the victim from using deadly force because he is the victim's brother. But subsection (2) of that Code section, which excludes family members from its scope, applies only to defense against one "who unlawfully and forcibly enters or has unlawfully and forcibly entered the residence." OCGA § 16-3-23 (1), on the other hand, addresses defense against one who enters a residence "in a violent and tumultuous manner" when the victim "reasonably believes that the entry is attempted or made for the purpose of assaulting or offering personal violence to any person dwelling or being therein and that such force is necessary to prevent the assault or offer of personal violence." Id. Subsection (1) of the

Code, however, does not exclude "a member of the family or household" as does subsection (2), which is inapplicable here. The evidence was sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Robison complains of the following portion of the trial court's charge of defense of habitation, taken from OCGA § 16-3-23:[1]

> A person is justified in threatening or using force against another person when and to the extent that the person reasonably believes that such threat or force is necessary to prevent or terminate the other's unlawful entry into or attack upon a residence. A person is justified in the use of force which is intended or likely to cause death or great bodily harm only if the entry is made or attempted in a violent and disorderly manner and the person reasonably believes that the entry is attempted or made for the purpose of assaulting or offering personal violence to any person living or being in the residence and that such force is necessary to prevent the assault or offer of personal violence.

Robison contends that this portion of the charge was error because he was "a member of the family and household," but that contention is foreclosed by our holding in Division 1.

Robison also contends that this charge ignored his contention that the victim was the aggressor and thus "eviscerated the appellant's self defense claim." But "[t]o authorize a jury instruction on a subject, there need only be produced at trial slight evidence supporting the theory of the charge. Whether the evidence presented is sufficient to authorize the giving of a charge is a question of law." (Citations omitted.) *Davis v. State*, 269 Ga. 276, 279 (3) (496 SE2d 699) (1998). Evidence was presented that Robison was the aggressor, that he was armed with a weapon, and that he pursued the victim into his home in "a violent and disorderly manner" in an attempt to assault him. While Robison argues that he acted in self-defense, the countervailing evidence is more than adequate to justify the charge on the victim's defense of habitation.

---

[1] The State's contention that Robison waived this enumeration of error by failing to object at trial is incorrect. Robison reserved his objections to the jury charge, and "[t]he general rule in this state is that defendants in criminal cases are not required to except to the jury charge to preserve error for appeal. If, however, the trial court asks if there are objections to the charge, defense counsel must either state his objections or reserve the right to object on motion for new trial or on appeal." (Citation omitted.) *Casey v. State*, 237 Ga. App. 461, 462 (2) (515 SE2d 429) (1999).

Moreover, we must consider the charge as a whole and not simply the fragment complained of by Robison. Before giving the portion complained of, the trial court instructed the jury on the presumption of innocence, adding that "the burden never shifts to the defendant to prove innocence" and that the defendant is under no duty to prove his innocence. The trial court also instructed the jury on Robison's affirmative defense of justification. When

a charge as a whole substantially presents issues in such a way as is not likely to confuse the jury even though a portion of the charge may not be as clear and precise as could be desired, a reviewing court will not disturb a verdict amply authorized by the evidence. There is no error where it is unlikely that the instructions considered as a whole would mislead a jury of ordinary intelligence.

(Citations and punctuation omitted.) *Pullins v. State*, 232 Ga. App. 267 (1) (a) (501 SE2d 612) (1998). Read in the context of the surrounding portions of the charge, it is clear that the trial court's instruction was not error.

3. Robison asserts ineffective assistance of counsel. Under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), a defendant alleging ineffective assistance of counsel must show first that his counsel's performance was deficient, and second, that counsel's deficient performance prejudiced his defense. *Wyley v. State*, 259 Ga. App. 348, 349 (2) (577 SE2d 32) (2003). If the appellant fails to meet his burden on one prong of this test, we need not address the other prong. *Brown v. State*, 225 Ga. App. 49, 51 (1) (b) (483 SE2d 318) (1997). In addition, a strong presumption exists that trial counsel performed within the wide range of reasonable professional assistance. *Davis v. State*, 238 Ga. App. 84, 89 (7) (517 SE2d 808) (1999). A "trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous." (Citation and punctuation omitted.) *Wynn v. State*, 228 Ga. App. 124, 127 (3) (491 SE2d 149) (1997).

Robison first asserts that his trial counsel was ineffective in failing to discover the victim's misdemeanor conviction for theft by taking and trespass. But the State misspelled the victim's name on the indictment as "Robinson," and trial counsel in fact searched for criminal convictions but did so under the wrong name. Moreover, Robison has made no attempt to show how this alleged deficiency could have affected the outcome of the trial.

[A] defendant is required to make an affirmative showing that specifically demonstrates how counsel's failure would

have affected the outcome of his case. The failure of trial counsel to employ evidence cannot be deemed to be "prejudicial" in the absence of a showing that such evidence would have been relevant and favorable to the defendant.

(Citation and punctuation omitted.) *Letson v. State*, 236 Ga. App. 340, 341 (2) (512 SE2d 55) (1999). As the trial court observed, counsel was able to impeach the victim with prior inconsistent statements without giving up his right to opening and closing argument by introducing the victim's criminal record. Under these circumstances, Robison cannot demonstrate a reasonable probability that, but for the assumed deficient representation by counsel, the outcome of his trial would have been different, as required by *Strickland*, supra, 466 U. S. at 694.

Robison also claims that his trial counsel was ineffective in failing to investigate the nature of the victim's injuries. He contends that the medical records of treatment were inconsistent with the victim's trial testimony regarding the location of his injuries, because the victim testified that he was struck in the back and shoulders but the medical records reveal only that he was treated for a cut to his leg.[2] Again, though, Robison has not shown how introduction of this evidence would have affected the outcome of his case. He never contended that he did not strike the victim with the meat cleaver or that he did not injure the victim; instead, he argued that he used the meat cleaver in self-defense after the victim attacked him with a pool cue.

Robison next complains that trial counsel was ineffective in failing to object to the introduction of the meat cleaver into evidence, contending it was the product of an inventory search of Robison's impounded vehicle rather than a search incident to arrest as testified to by trial counsel at the hearing on the motion for new trial. But it is irrelevant whether the meat cleaver was seized incident to Robison's arrest at the hospital, or during an inventory search of his vehicle which was impounded at the hospital's request. In either event it was admissible and not subject to a motion to suppress. See generally *Goodman v. State*, 255 Ga. 226, 229 (13) (336 SE2d 757) (1985) (inventory search proper to protect owner's property and police); *Fortson v. State*, 262 Ga. 3, 4 (2) (412 SE2d 833) (1992) (contemporaneous warrantless search of automobile recently occupied by arrestee justified). "Failure to raise a meritless objection cannot constitute ineffective assistance of counsel." (Citations and punctuation

---

[2] But the police officer who investigated the complaint testified that the victim showed him "cuts and tears" on his leg, abdomen, and back.

omitted.) *Wright v. State*, 265 Ga. App. 855, 858 (1) (c) (595 SE2d 664) (2004). This is equally true of trial counsel's failure to object to the trial court's charge on defense of habitation, for the reasons stated in Division 2 of this opinion.

Finally, Robison argues that trial counsel was ineffective when he failed to object to a portion of the prosecutor's argument. But counsel testified that he did not feel the need to object at trial because he had "other ways that I address that issue with the jury sometimes other than objecting" and that he made decisions not to object to certain testimony that "were all strategic in some sense." The decision not to object was a reasonable trial strategy and does not provide a basis for a claim of ineffectiveness. See *Braithwaite v. State*, 275 Ga. 884, 886 (572 SE2d 612) (2002).

*Judgment affirmed. Ellington and Adams, JJ., concur.*

DECIDED JANUARY 4, 2006.

Michael R. McCarthy, Bentley C. Adams III, for appellant.
Kermit N. McManus, District Attorney, Barry S. Minter, Stephen E. Spencer, Assistant District Attorneys, for appellee.