## A06A1577. MEYERS v. THE STATE.
(637 SE2d 78)

ELLINGTON, Judge.

A Douglas County jury convicted Michael Jackson Meyers of burglary, OCGA § 16-7-1. He appeals from the denial of his motion for new trial, contending the evidence presented was insufficient to support his conviction and the trial court erred in admitting certain evidence. Finding no error, we affirm.

1. Meyers contends the evidence was insufficient to show that he entered the victims' home and removed several items without their permission. When a criminal defendant challenges the sufficiency of the evidence supporting his or her conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation omitted; emphasis in original.) *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979). The jury, not this Court, resolves conflicts in the testimony, weighs the evidence, and draws reasonable inferences from the evidence. Id. "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Citation and punctuation omitted.) *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001). Viewed in this light, the record reveals the following facts.

On October 6, 2003, Meyers went to a residence that belonged to a friend, Lester Bigelow, and Bigelow's common-law wife. Although the couple was not home when Meyers arrived, their 19-year-old son, N. B., was lying on his bed in his bedroom. Meyers entered the residence, opened the door to N. B.'s bedroom, and went inside. N. B. did not know Meyers and had never seen him before. Shortly thereafter, N. B. saw Meyers removing a television from the home and protested, but Meyers assured N. B. that he had permission from N. B.'s father to take the television and that he was going to bring it back later. Meyers also took a VCR, a cable box, a hand-held electronic game, and N. B.'s wallet from the residence. After a neighbor saw Meyers removing the items, she called the police, who apprehended Meyers nearby shortly after he had left the residence. When asked if he had any identification, Meyers initially said no, but then he gave the officers N. B.'s wallet.

At trial, Meyers admitted that he had entered the residence, but testified that he knocked on the door and N. B. let him inside. Meyers also admitted taking the television, VCR, and cable box, but he denied taking the electronic game and wallet. According to Meyers, his friend, Bigelow, had come to his hotel room the previous night to drink alcohol and do drugs, Bigelow owed him money for the drugs, and

Bigelow gave him permission to take the television, VCR, and cable box to pawn in order to satisfy the debt. Meyers also testified that Bigelow had left N. B.'s wallet in Meyers' hotel room while they were doing drugs the night before the burglary, and that Bigelow had given the electronic game to Meyers in exchange for one of Meyers' games.

While Bigelow admitted that he had been drinking and doing drugs with Meyers the day before the burglary, however, Bigelow denied that he had owed any money to Meyers on the day of the burglary. Also, Bigelow, his wife, and N. B. all testified that they had not given Meyers permission to enter their home or take the items. Further, N. B. testified that he did not realize his wallet was missing until after the burglary.

On appeal, Meyers claims that Bigelow lied at trial about whether he had given Meyers permission to enter the residence and take the television, VCR, and cable box. He claims, therefore, that the evidence is insufficient to sustain his burglary conviction. The jury, however, not this Court, is charged with resolving conflicts in the evidence and judging the credibility of the witnesses. *Jackson v. Virginia*, 443 U. S. at 319 (III) (B); *Bilow v. State*, 279 Ga. App. 509, 511-512 (1) (631 SE2d 743) (2006) (a jury "is authorized to believe or disbelieve all or any part of the testimony of witnesses, and it serves as the arbiter of conflicts in the evidence before it") (citation and punctuation omitted). Because there was evidence that Meyers entered the residence without permission and with the intent to commit a theft, the jury was authorized to find him guilty beyond a reasonable doubt of burglary. *Bilow v. State*, 279 Ga. App. at 511-512 (1).

2. Meyers also contends that the trial court erred in allowing the State to present evidence that he sexually propositioned N. B. shortly after he entered the residence. He claims that, because he was not charged with any sexual offenses, the evidence was irrelevant and prejudicial, and it impermissibly placed his character in evidence.

The evidence at issue is N. B.'s testimony that, on the day of the burglary, he was lying in bed when he suddenly saw Meyers standing in the doorway to his bedroom. N. B. is completely deaf and, when Meyers realized that N. B. could not hear him, Meyers motioned that he needed something to write on. N. B. got him a notebook and pen, and Meyers wrote out a note and gave it to N. B. The note said, "Can I get your different body or your butt body?" and "I will blow job you on your dick." Meyers also wrote out that he could get two girls to come over if N. B. gave him $30, but N. B. told him that he did not have enough money. Meyers then put his hands on N. B.'s hips and tried to force N. B. to pull down his (N. B.'s) pants, but N. B. backed away and Meyers left the room. All of this occurred before Meyers took the items from the residence.

Before trial, Meyers moved to exclude this evidence as prejudicial and irrelevant, but the State argued that the encounter happened while the burglary was ongoing and was, therefore, part of the res gestae. The trial court agreed and admitted the evidence.

> The admission of evidence is discretionary with the trial court, and this court will not interfere with that court's ruling absent abuse. In this case, the trial court did not abuse its discretion in its ruling on this issue because this testimony included a statement made by [Meyers] during the commission of the offenses for which he was indicted and was an integral part of the res gestae. Surrounding circumstances constituting part of the res gestae may always be shown to the jury along with the principal fact, and their admissibility is within the discretion of the trial court. Hence, acts and circumstances forming a part or continuation of the main transaction are admissible as res gestae and it does not matter that the act is another criminal offense. Accordingly, the statement was clearly admissible even if such evidence incidentally placed [Meyers'] character in evidence. We note that extrajudicial incriminating statements, whether in writing or oral, if freely and voluntarily made, are admissible in evidence. Anything seen or heard by a witness in the presence of a defendant is admissible.

(Citations, punctuation and footnotes omitted.) *McLendon v. State*, 258 Ga. App. 133, 134-135 (2) (572 SE2d 763) (2002). Moreover, "[t]he State is entitled to present evidence of the entire res gestae of a crime even though the defendant is not charged with every crime committed during the entire criminal transaction." (Citation omitted.) *Flowers v. State*, 191 Ga. App. 396, 399 (2) (381 SE2d 768) (1989).

Because Meyers' statements to and acts toward N. B. occurred during the commission of the burglary, we find the trial court did not abuse its discretion in admitting this evidence. See *Burger v. State*, 242 Ga. 28, 32-33 (8) (247 SE2d 834) (1978) (evidence that defendant's co-indictee sodomized the victim after they kidnapped him but before they murdered him was admissible as res gestae, even though the defendant was not charged with kidnapping or sodomy, because the offenses were all part of one on-going criminal transaction); *Hardegree v. State*, 230 Ga. App. 111, 111-112 (1) (495 SE2d 347) (1998) (victim testified that, after the defendant broke into her home but before he raped her, defendant told her that he was "running from the law, had been drinking, was on drugs really bad, and needed money for gas"; the Court noted that, even if the defendant had objected to this evidence at trial, it would have been admissible as res gestae);

*Yarbrough v. State*, 186 Ga. App. 845, 846-847 (368 SE2d 802) (1988) (kidnapping victim's testimony that, during the kidnapping, the defendant showed her a "hit list" of people that he intended to kill was admissible as res gestae).

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED SEPTEMBER 26, 2006.

*Virginia W. Tinkler*, for appellant.

*David McDade, District Attorney, Christopher R. Johnson, Alicia A. Faucette, Assistant District Attorneys*, for appellee.