A07A1272. MARSHALL v. THE STATE.
(648 SE2d 674)

RUFFIN, Judge.
Kenneth Earl Marshall was charged with one count of theft by taking a motor vehicle and one count of possessing cocaine. Following a bench trial, Judge William Smith found Marshall guilty of both counts. On appeal, Marshall challenges the sufficiency of the evidence and contends that his custodial statement should have been suppressed because it was made before he had been informed of his *Miranda* rights.

1. When reviewing a challenge to the sufficiency of the evidence "we determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt."[1] In so doing, we neither weigh the evidence nor assess witness credibility, but merely ascertain if the evidence was sufficient.[2]

---

Viewed in favor of the verdict, the record shows that on August 23, 2004, Isia Spivey was visiting Chinetta Lowry at her apartment on Willow Street. During this visit, Marshall, who was present in the apartment, asked to borrow Spivey's car. According to Spivey, she refused Marshall's request and placed her keys on a dresser. Shortly thereafter, Spivey noticed her keys had been taken from the dresser, and she saw Marshall leave in her car. Marshall returned without the car and told Spivey that he had loaned the car to someone else. The next day, Spivey called the police and reported that her car had been stolen. When the police located Marshall to question him about the missing car, Marshall initially stated that he did not take the vehicle, but had given it to an unknown person. After talking with both Spivey and Marshall, Officer Fox placed Marshall under arrest. Officer Fox then did a brief "pat down" search of Marshall, for safety purposes, but found nothing.

Marshall was taken to jail where he was thoroughly searched. Officer Fox testified that he saw Officer Smith pull tissue from Marshall's right pocket, which contained a glass tube used for smoking crack cocaine. Officer Smith testified that he found the crack cocaine device in Marshall's front pocket, but he did not mention that it was wrapped in tissue. Cocaine residue was discovered on the pipe. Marshall was found guilty of theft by taking a motor vehicle and possessing cocaine.

On appeal, Marshall argues that the evidence was not sufficient to convict him because the facts adduced at trial showed that Spivey lent him her car. In support of this argument, he points to the testimony of Lowry, who testified on Marshall's behalf and said that Spivey had given Marshall the key. We find this argument unpersuasive. "A person commits the offense of theft by taking when he unlawfully takes, or being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of the property."[3] Here, Spivey testified unequivocally that she denied Marshall's request to borrow the car, but he nonetheless took it without her permission and never returned it. The victim's testimony alone is sufficient to establish guilt.[4] To the extent Spivey's testimony conflicted with Lowry's, it was the function of the trial court as the trier of fact — not this Court — to resolve the conflict.[5] Thus, the trial court was authorized to believe Spivey rather than Lowry and find Marshall guilty of theft.[6]

---

[3] OCGA § 16-8-2.

[4] See *Bills v. State*, 283 Ga. App. 660, 661 (1) (a) (642 SE2d 352) (2007).

[5] See *Meyers v. State*, 281 Ga. App. 670, 671 (1) (637 SE2d 78) (2006).

[6] See *Bills*, supra at 662.

In addition, Marshall argues that the conflicting evidence and testimony surrounding the crack pipe could not convince a trier of fact beyond a reasonable doubt that it belonged to Marshall or that he had it in his possession at the time of his arrest. Again, it is the factfinder's prerogative to resolve conflicts in the evidence.[7] Accordingly, to the extent there was a material conflict in the evidence, the trial court was authorized to find that police discovered a crack pipe with cocaine residue in Marshall's possession.[8] It follows that this claim of error presents no basis for reversal.

2. Before trial, Marshall moved to suppress his statement to police in which he first denied taking the car and then stated that he had simply borrowed it. The trial court denied the motion. On appeal, Marshall contends that the trial court erred in denying the motion, arguing that the police improperly took his statement before reading him his *Miranda* rights. We disagree.

The evidence shows that after Spivey reported that Marshall had stolen her car, police placed Marshall in a patrol car and brought him to Spivey's apartment to make sure he was the right suspect. After Spivey positively identified Marshall as the culprit, police asked Marshall about the car, at which point he made the statement at issue. Marshall also told police that he knew a woman, presumably Lowry, who would corroborate his statement. It was then that Marshall was formally arrested.

Although his argument on appeal is not particularly well articulated, Marshall apparently contends that he was under arrest when he was placed in the back of the patrol car and thus should have been given his *Miranda* rights before any questioning.

Although persons should be apprised of their *Miranda* rights when formally arrested, a suspect in a criminal investigation is not automatically under arrest upon being placed in the back of a patrol car.[9] Rather, a suspect may be temporarily detained in this manner during the investigation without triggering the requirement that *Miranda* rights be given.[10] Here, the officer testified unequivocally that Marshall was not under arrest and that he was merely investigating Spivey's allegation that her car had been stolen. Under these circumstances, the trial court did not abuse its discretion in denying Marshall's motion to suppress.[11]

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

---

[7] See *Moon v. State*, 252 Ga. App. 796, 797 (1) (b) (557 SE2d 442) (2001).

[8] See id.

[9] See *Campbell v. State*, 255 Ga. App. 502, 505-506 (1) (b) (565 SE2d 834) (2002).

[10] See id.

[11] *Poole v. State*, 270 Ga. App. 432, 433-434 (1) (a) (606 SE2d 878) (2004).

DECIDED JUNE 22, 2007.

*Hagler & Hyles, M. Stephen Hyles*, for appellant.
*J. Gray Conger, District Attorney, William D. Kelly, Jr., Assistant District Attorney*, for appellee.