## A09A0043. WALKER v. THE STATE.
### (668 SE2d 857)

ELLINGTON, Judge.

A Spalding County jury found Willie James Walker guilty of possession of cocaine, OCGA § 16-13-30 (a).[1] Walker appeals from the order denying his motion for new trial, contending that the trial court erred in allowing hearsay into evidence and that the evidence adduced was insufficient to support his conviction. Finding no reversible error, we affirm.

1. Walker argues that the evidence supporting his possession of cocaine conviction was insufficient. When a criminal defendant challenges the sufficiency of the evidence supporting his or her conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation omitted; emphasis in original.) *Jackson v. Virginia*, 443 U. S. 307, 318-319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979). The jury, not this Court, resolves conflicts in the testimony, weighs the evidence, and draws reasonable inferences from basic facts to ultimate facts. Id. "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Citation and punctuation omitted.) *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001). Viewed in this light, the record reveals the following facts.

---

[1] Walker was acquitted of the remaining counts of the indictment, misdemeanor obstruction of an officer, OCGA § 16-10-24 (a), and three counts of loitering or prowling, OCGA § 16-11-36 (a).

During the early morning of December 14, 2006, a police officer with the Griffin Police Department was dispatched to a Spalding County home to investigate a report that a black male wearing khaki pants, a white shirt, and a black jacket was causing a disturbance outside the home. The officer arrived at 1:22 a.m., met with the homeowners, but did not find the offender. The officer returned an hour later, responding to a second call, but failed to find the offender. The officer waited in the area, and at around 3:00 a.m., saw a person matching the description he had been given approach the home. The officer, who was about 30 feet away, observed the man walk across the street and under the street lamp directly in front of the home. The man entered the yard, walked up to the house, peered through the windows, circled the house, and then stepped up to the front door. The officer approached the man and ordered him to lie down on the ground, but the man failed to comply. After a brief struggle, the officer arrested the man, who was identified as Walker. During a search incident to Walker's arrest, the officer found a crack pipe concealed inside Walker's sock. A Georgia Bureau of Investigation crime lab chemist tested the residue inside the pipe and determined that it was cocaine.

Walker argues that his conviction for possession of cocaine cannot be sustained because there was insufficient evidence identifying him as the person "who in fact was the cause of the [previous] disturbance calls." While that argument might have been relevant in a hearing on a motion to suppress[2] or at trial on the loitering or prowling charges (of which he was acquitted), it is irrelevant to the question of whether Walker possessed cocaine. The evidence adduced shows that the arresting officer discovered a crack pipe in Walker's sock during a search incident to the arrest, and that the crack pipe contained cocaine. This evidence is sufficient to support Walker's conviction for possession of cocaine beyond a reasonable doubt. *Marshall v. State*, 286 Ga. App. 86, 88 (1) (648 SE2d 674) (2007) (evidence of crack pipe containing cocaine residue found in defendant's pocket sufficient to support conviction beyond a reasonable doubt).

2. Walker also contends that the trial court erred in admitting hearsay testimony regarding the identity of the person who was the cause of the previous disturbance calls, arguing that "the first black male who approached the house was deemed the perpetrator, [and] taken down." Pretermitting whether the court erred in admitting any hearsay, Walker has failed to show how the admission of such hearsay contributed to the jury's guilty verdict on the charge of

---

[2] Walker has not challenged the court's ruling on his motion to suppress.

possession of cocaine. See *Robbins v. State*, 277 Ga. App. 843, 846 (3) (627 SE2d 810) (2006) (appellant must show harm as well as error to prevail on appeal). Again, while such an argument might have been relevant in a hearing on a motion to suppress or at trial on the loitering or prowling charges (of which Walker was acquitted), it is irrelevant to the question of whether Walker possessed the cocaine found on his person. See Division 1, supra. Consequently, we find no reversible error.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED OCTOBER 24, 2008.

*Chlora Lindley-Myers*, for appellant.

*Scott L. Ballard, District Attorney, Robert W. Smith, Assistant District Attorney*, for appellee.