**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**September 25, 2013**

# In the Court of Appeals of Georgia

A13A1629. THOMPSON v. THE STATE.

MILLER, Judge.

Following a jury trial in which he appeared *pro se*, Jeremy Thompson was convicted of burglary (OCGA § 16-7-1 (a) (2010)).[1] The trial court entered an order allowing an out-of-time appeal, and Thompson now appeals, arguing that there was a fatal variance between the indictment and proof at trial. We discern no error and affirm.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the jury's verdict." (Footnote omitted.) *Smarr v. State*, 317 Ga. App. 584 (732 SE2d 110) (2012). So viewed, the evidence at trial showed that Thompson and

---

[1] Thompson was acquitted of charges of criminal damage to property in the second degree, simple battery, and cruelty to children in the third degree.

the victim were previously in a relationship and had a son together. On July 1, 2010, Thompson's girlfriend drove him to the victim's Atlanta apartment. Thompson told his girlfriend that he was going to the apartment because a friend owed him money. Thompson knocked on the apartment door and yelled at the victim to open it. The victim refused to answer the door because she was scared and had told Thompson she did not want to see him anymore. Thompson proceeded to kick in the door and enter the apartment. Without saying anything, Thompson took the victim's cell phone. The victim went out on her balcony and asked a lady standing by the pool below to call 911.

While the victim was on the balcony, Thompson went into the laundry room, grabbed a bottle of bleach, and poured it over the victim's clothes, furniture and carpet. Thompson then unplugged the victim's television from the wall and told her he was taking it because she refused to give him money. Thompson walked out of the apartment with the television and two cell phones belonging to the victim. The victim followed Thompson to the elevator and asked for her phone, and Thompson gave her one of the phones he had taken. The victim followed Thompson to the parking garage and watched him get into his girlfriend's vehicle. The victim then called 911. Thompson told his girlfriend that he was keeping the television until his friend paid

back the money. The victim testified that she never gave Thompson permission to take her television, and she denied that she owed him any money.

In his sole enumeration of error, Thompson contends that there was a fatal variance between the allegations in the burglary count of the indictment and the proof at trial because the indictment alleged that Thompson entered the victim's apartment with intent to commit theft while the evidence at trial showed intent to commit criminal damage to the property in the second degree. We disagree.

As initial matter, Thompson did not raise his fatal variance argument in the trial court and has therefore waived the issue for consideration on appeal. See *Shindorf v. State*, 303 Ga. App. 553, 555-556 (2) (694 SE2d 177) (2010); *Jackson v. State*, 252 Ga. App. 16, 16-17 (2) (555 SE2d 240) (2001).

In any event, Thompson's argument is without merit. At the time of the offense, OCGA § 16-7-1 (a) (2010) provided, in relevant part, that: "A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another[.]" The burglary count of the indictment alleged that Thompson "did unlawfully, without authority, enter into the dwelling house of [the victim] with the intent to commit a theft therein." In support of that allegation, the State presented

3

evidence that on the way to the victim's apartment, Thompson told his girlfriend that he was going to the apartment because a friend owed him money. There was also evidence that Thompson, after kicking in the door to the victim's apartment, took her television because she refused to give him money and left the premises with it. The victim testified that she did not give Thompson permission to take her television and did not owe Thompson any money.

Therefore, even if Thompson had preserved his enumeration of error, there was no variance, much less a fatal variance, between the allegations in the burglary count of the indictment and the proof at trial.[2] See *Oglesby v. State*, 243 Ga. 690, 692 (3) (256 SE2d 371) (1979) (finding no variance between allegation that appellant entered victim's dwelling house with intent to murder victim and State's proof at trial because State introduced evidence sufficient to sustain a conviction of burglary as charged in indictment); *Adcock v. State*, 269 Ga. App. 9, 11 (1) (603 S.E.2d 340) (2004) (finding no variance between allegation that defendant entered premises unlawfully and proof at trial). Moreover, the State presented sufficient evidence that Thompson entered the

---

[2] While the State presented evidence at trial that Thompson poured bleach on the victim's clothes, furniture, and carpet, it did so in an attempt to prove a separate count of the indictment charging Thompson with criminal damage to property in the second degree.

victim's apartment with the intent to commit a theft, and the jury was authorized to convict Thompson of the crime of burglary as charged in the indictment. See *Myers v. State*, 281 Ga. App. 670, 670-671 (1) (637 SE2d 78) (2006) (jury authorized to find appellant guilty of burglary when there was evidence that appellant entered friend's home and took television, VCR, cable box, and other items without permission although appellant claimed, among other things, that he took certain items in satisfaction of debt). Accordingly, we affirm.

*Judgment affirmed. Barnes, P. J., and Ray, J., concur.*