# Court of Appeals
# of the State of Georgia

ATLANTA,____April 23, 2015_____

*The Court of Appeals hereby passes the following order:*

**A15A1556.  VERNEEL WYLEY v. THE STATE.**

Verneel Wyley was convicted of child molestation and enticing a child for indecent purposes.  We affirmed his convictions on appeal.  *Wyley v. State*, 259 Ga. App. 348  (577 SE2d 32) (2003).  Wyley later filed a number of post-conviction motions, resulting in six more direct appeals and applications to this Court, all of which were either denied or dismissed.[1]  In this latest appeal, Wyley seeks review of the trial court's order denying his motion to vacate his convictions. We lack jurisdiction for two reasons.

First, a motion seeking to challenge an allegedly invalid or void judgment of conviction "is not one of the established procedures for challenging the validity of a judgment in a criminal case." *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010). Because Wyley is not authorized to collaterally attack his convictions in this manner, this appeal must be dismissed.  See id.; see also *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009) (overruling *Chester v. State*, 284 Ga. 162, 162-163 (2) (664 SE2d 220) (2008)); *Matherlee v. State*, 303 Ga. App. 765 (694 SE2d 665) (2010).

---

[1] See Case Nos. A06A2350 (appeal from denial of motion to vacate void sentence; dismissed July 28, 2006); A08D0089 (application for discretionary appeal from denial of motion to vacate conviction and sentence; dismissed November 14, 2007); A10D0420 (application for discretionary appeal from denial of extraordinary motion for new trial; denied July 1, 2010); A11D0507 (application for discretionary appeal from denial of motion to vacate void conviction; denied August 22, 2011); A12D0469 (application for discretionary appeal from denial of motion to examine evidence; denied August 3, 2012); A13A0414 (appeal from denial of motion to examine evidence; dismissed November 9, 2012).

Second, the appeal is untimely. A notice of appeal must be filed within 30 days after entry of the appealable order. See OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. *Jaheni v. State*, 281 Ga. App. 213, 214 (635 SE2d 821) (2006). Here, the trial court's order was entered on October 1, 2014, but Wyley did not file his notice of appeal until 34 days later, on November 4, 2014.

For these reasons, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,*_____04/23/2015_____
        *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*