A07A0550. GREGORAKOS v. WELLS FARGO NATIONAL ASSOCIATION.
(647 SE2d 289)

RUFFIN, Judge.

Mary Gregorakos filed suit against Wells Fargo National Association, alleging that it wrongfully instituted foreclosure proceedings and seeking reformation of a security deed.[1] Wells Fargo filed a motion for summary judgment, which the trial court granted. In four enumerations of error, Gregorakos challenges this ruling. Finding no error, we affirm.

A trial court properly grants summary judgment where the moving party demonstrates that there is no genuine issue of material

---

[1] Wells Fargo Bank National Association as Indenture Trustee for GRP/AG Real Estate Asset Trust 2004-2 holds the loan and is listed as a defendant. However, the loan is serviced by GRP Financial Services Corporation. For the sake of clarity, we refer solely to Wells Fargo. We also note that another named defendant, Hudnall, Cohn & Abrams, P.C., was dismissed from the case, and thus we do not address this defendant on appeal.

fact and that the undisputed facts, viewed favorably to the nonmoving party, warrant judgment as a matter of law.[2] Our review of a trial court's grant of summary judgment is de novo.[3]

Viewed in this manner, the record reveals that in October 2000, Michael Gregorakos obtained a loan from Washington Mutual Bank, using his property as security for the loan. According to Michael Gregorakos, only that portion of the property on which his house was built was to be used as collateral. There was also a guest house on the property, where Michael's mother, Mary Gregorakos, lived that should not have been included in the security deed.[4] However, after closing the loan, Michael Gregorakos realized that the entire property — including the guest house — was listed on the security deed. Michael Gregorakos contacted the closing manager for Washington Mutual, Rose Greeson, who agreed that a mistake had been made. On October 26, 2000, Greeson sent a memo to the closing attorney requesting that the deed be corrected. The correction was never made. Nonetheless, in November 2000, Michael Gregorakos attempted to convey the guest house to his mother by quitclaim deed. The quitclaim deed mistakenly listed Michael Gregorakos's company, Atlanta Investments Unlimited, Inc., as the grantor.

The Washington Mutual loan was eventually purchased by Wells Fargo. Michael Gregorakos defaulted on the loan, and Wells Fargo began nonjudicial foreclosure proceedings. Wells Fargo agreed to temporarily postpone foreclosure proceedings to give Michael Gregorakos time to obtain new financing, pay off the loan, and have the security deed cancelled. A formal agreement was signed in which Michael Gregorakos waived his right to challenge the validity of the security deed in exchange for Wells Fargo's cancellation of a February 2005 foreclosure sale.[5] The agreement provided that if the security deed was not cancelled by April, Wells Fargo would be authorized to proceed with foreclosure in April 2005.

Michael Gregorakos apparently was unable to obtain new financing, and the loan was not satisfied. Wells Fargo then scheduled a foreclosure sale on April 5, 2005. On April 4, Mary Gregorakos filed suit against Wells Fargo seeking reformation of the security deed and injunctive relief. She also asserted a claim for wrongful foreclosure

---

[2] See *Aames Funding Corp. v. Henderson*, 275 Ga. App. 323 (620 SE2d 503) (2005).

[3] See id.

[4] Wells Fargo disputes Mary Gregorakos's contention that the guest house should not have been included on the security deed. For purposes of summary judgment, however, we treat the contention as true.

[5] Mary Gregorakos also signed the agreement, relinquishing her right to pursue any action stemming from the February 2005 foreclosure sale, but she expressly retained the right to seek "reformation of the subject Security Deed to the extent such right existed prior to the entry of this Agreement."

against Wells Fargo. Wells Fargo moved for summary judgment, arguing inter alia that Mary Gregorakos lacked standing to seek reformation of the deed because she was a stranger to the original transaction. Wells Fargo also maintained that, as a bona fide purchaser for value without notice of the alleged flaw in the security deed, it was insulated against equitable remedies.

The trial court agreed with Wells Fargo and granted the motion for summary judgment. On appeal, Mary Gregorakos contends that the trial court erred in: (1) ruling that she was unable to seek reformation of the security deed; (2) dismissing her remaining claim for wrongful foreclosure; (3) failing to recognize issues of fact regarding the validity of Wells Fargo's interest in the property; and (4) finding that Wells Fargo was a bona fide purchaser without knowledge of a defect in the security deed. We address each argument in turn.

1. When two parties have made a mutual mistake in the creation of a deed, equity may, upon proper evidence, permit reformation of the deed.[6] However, this equitable remedy is limited to those who are either parties to the original deed or are in privity with such original parties.[7] Here, there is no evidence that Mary Gregorakos had any cognizable legal interest in the property at the time Michael Gregorakos executed the security deed in favor of Washington Mutual. Under these circumstances, she cannot be in privity with Wells Fargo, Washington Mutual's successor in interest.[8] Michael Gregorakos, as the original grantor, could arguably seek reformation of the deed to correct a mutual mistake.[9] But Michael Gregorakos contractually waived his right to seek this remedy — a waiver which no one challenges in this appeal. Under these circumstances, the trial court properly found that Mary Gregorakos does not have the right to reform the deed.[10]

The case cited by Mary Gregorakos, *Amin v. Guruom, Inc.*,[11] does not require a different result. In that case, the original grantor conveyed a portion of property to one party, who subsequently sold

---

[6] See *Tidwell v. Bassett*, 271 Ga. App. 867, 868-869 (611 SE2d 123) (2005).

[7] See *Empire Land Co. v. Stokes*, 212 Ga. 707, 709 (2) (95 SE2d 283) (1956) ("The petitioners, not being parties to the deed which is sought to be reformed, nor being privies in law, fact, or estate of the parties to such deed, are not in position to seek a reformation of said deed."); see also *Rawson v. Brosnan*, 187 Ga. 624, 626 (2) (1 SE2d 423) (1939).

[8] See *Hilton v. Hilton*, 202 Ga. 53, 54 (2) (a) (41 SE2d 880) (1947) ("privity denotes successive relationship to the same right in the same property, and the plaintiff in the instant case seeks to assert an independent right adverse to that held by the defendant under his deed of conveyance"); see also *Rawson*, supra.

[9] See *Amin v. Guruom, Inc.*, 280 Ga. 873, 874-875 (635 SE2d 105) (2006).

[10] See *Rawson*, supra.

[11] Supra.

that property to a third entity. At the time of the original conveyance, the deed mistakenly conveyed the entire property. In *Amin*, the Supreme Court recognized that the original grantor — although not involved in the immediate transaction conveying the property to the third entity — could seek reformation of the deed against such third party.[12] This is so because the third party, having taken successive interests in the same property, is in privity with the original grantor.[13] Contrary to Mary Gregorakos's argument on appeal, *Amin* does not broadly permit third persons not in privity with the party against whom she seeks reformation to have a deed reformed.

2. Mary Gregorakos also argues that the trial court erred in finding that because the security deed could not be reformed, her remaining claims — specifically wrongful foreclosure — were moot. We disagree.

It is quite clear from the complaint that the crux of Mary Gregorakos's claim against Wells Fargo for wrongful foreclosure was that the bank should not have been allowed to foreclose on the house in which she lived because the security deed was faulty. Thus, her inability to "correct" the deed essentially eviscerates her claim for wrongful foreclosure.

In a related argument, Mary Gregorakos contends that issues of fact remain regarding the validity of Wells Fargo's interest in the security deed. Specifically, she contends that (1) there is "confusion" over when the assignment of the mortgage was properly executed; and (2) a possibility exists that there is a break in the chain of title affecting Wells Fargo's authority to act on the security deed.[14] And if Wells Fargo lacked authority to act on the security deed, Mary Gregorakos maintains that she should be able to pursue a wrongful foreclosure claim against the bank. We disagree.

As a threshold matter, we question whether these alleged factual disputes are sufficiently concrete to survive summary judgment.[15] In any event, summary judgment was appropriate. In Georgia, "a plaintiff asserting a claim of wrongful foreclosure [must] establish a legal duty owed to it by the foreclosing party, a breach of that duty, a

---

[12] Specifically, the Supreme Court reasoned that "[a]fter execution of a deed containing a mistaken description, a grantor may seek reformation against the grantee of the grantor's grantee who took under the same mistake as long as the grantee does not extend his possession into the property erroneously included in the description." *Amin*, supra at 875.

[13] See *Hilton*, supra.

[14] Mary Gregorakos bases the latter contention upon a conflict between an affidavit showing that the loan was purchased from Credit Suisse First Boston and the actual assignment, which shows the assignment came directly from Washington Mutual.

[15] See *Patterson v. Lopez*, 279 Ga. App. 840, 844 (4) (632 SE2d 736) (2006) (" '[S]peculation which raises merely a conjecture or possibility is not sufficient to create even an inference of fact for consideration on summary judgment.' ").

causal connection between the breach of that duty and the injury it sustained, and damages."[16] Here, at the time the security deed was created, Mary Gregorakos had no cognizable legal interest in the property. And there appears to be no question as to the validity of the deed. Under these circumstances, we fail to see how Washington Mutual or any of its successors can be said to owe a legal duty to her. It follows that the trial court did not err in granting summary judgment on this basis.

3. In view of our holding above, we need not address Mary Gregorakos's remaining claim of error.

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED MAY 15, 2007 —
RECONSIDERATION DENIED JUNE 8, 2007 — 

*A. Thomas Stubbs*, for appellant.
*Frazen & Salzano, Nathan P. Bowden*, for appellee.

---

[16] *Heritage Creek Dev. Corp. v. Colonial Bank*, 268 Ga. App. 369, 371 (1) (601 SE2d 842) (2004).