[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10406
Non-Argument Calendar
_____

D.C. Docket No. 4:11-cv-00116-HLM

JASON C. HARRIS,
LAURA C. HARRIS,

Plaintiffs-Appellants,

versus

CHASE HOME FINANCE, LLC,
FEDERAL HOME LOAN MORTGAGE CORPORATION,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 31, 2013)

Before TJOFLAT, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Jason and Laura Harris ("the Harrises") appeal the district court's dismissal

of their complaint against Chase Home Finance, LLC (succeeded by merger with

JPMorgan Chase Bank, N.A., referred to as "Chase") and the Federal Home Loan Mortgage Corporation ("Freddie Mac") for violating Georgia's foreclosure laws. On appeal, the Harrises argue that the district court erred in dismissing their wrongful foreclosure claim because: (1) Chase, the mortgage company that foreclosed on their property, did not have the authority to do so; and (2) the notice of foreclosure was deficient under Georgia law.[1]  After careful review, we affirm.

We review de novo a grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, "accepting the factual allegations in the complaint as true and construing them in the light most favorable to the plaintiff."  Glover v. Liggett Grp., Inc., 459 F.3d 1304, 1308 (11th Cir. 2006).  To survive dismissal, a complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation omitted).  Stating a claim for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" be enough to survive a Rule 12(b)(6) motion to dismiss.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

The relevant background is this.  In 2003, the Harrises refinanced their property and executed a promissory note ("Note") in favor of Chase Manhattan

---

[1] Because the Harrises's arguments on appeal concern only their wrongful foreclosure claim, they have abandoned all other challenges concerning the claims raised in their initial and amended complaints.  See Denney v. City of Albany, 247 F.3d 1172, 1182 (11th Cir. 2001) (finding that issues that are not briefed on appeal are abandoned).

Mortgage Company ("Chase Manhattan"), a predecessor company of Chase, for $166,000. The Harrises also executed a security deed ("Security Deed") in favor of Chase Manhattan, giving Chase Manhattan (and later Chase) the "power of sale" in the event the Harrises defaulted on the loan. The Harrises defaulted, and in December 2010, they received a Notice of Foreclosure from the law firm of McCalla Raymer, LLC. The Notice said that Chase was the entity with the "full authority to negotiate, amend, and modify all terms of the mortgage with the debtor." In January 2011, Chase exercised its "power of sale" under the Security Deed, and after making the highest bid at auction, purchased the property. In February 2011, Chase transferred the property to itself by Deed Under Power, and on the same day, recorded a Special Warranty Deed transferring title of the property from Chase to Freddie Mac.

Freddie Mac initiated dispossessory proceedings against the Harrises. The Harrises sued seeking damages and to set aside the foreclosure. In their complaint, the Harrises alleged on information and belief that Freddie Mac was the holder of the Note at the time of foreclosure, and Chase was merely acting as its servicing agent. The district court dismissed their complaint, and this timely appeal follows.

Georgia law permits non-judicial power of sale foreclosures "as a means of enforcing a debtor's obligation to repay a loan secured by real property." You v. JP Morgan Chase Bank, N.A., No. S13Q0040, 2013 WL 2152562, *2 (Ga. May

3

20, 2013).  Non-judicial foreclosures are governed primarily by contract law.  Id. The statutory law governing non-judicial foreclosures is codified in O.C.G.A. § 44-14-160 through § 44-14-162.4.  Id.  The statute defines debtor as "the grantor of the mortgage, security deed, or other lien contract."  O.C.G.A. § 44-14-162.1.  The statute refers to the other party to the foreclosure as the "secured creditor," but does not define that term.  You, 2013 WL 2152562 at *3; see generally O.C.G.A. §§ 44-14-160-162.4.  The statutory requirements "consist primarily of rules governing the manner and content of notice that must be given to a debtor in default prior to the conduct of a foreclosure sale."  You, 2013 WL 2152562 at *2.

Pursuant to the statute, the following notice requirements must be given to the debtor prior to a foreclosure sale:

> [n]otice of the initiation of proceedings to exercise a power of sale in a mortgage, security deed, or other lien contract shall be given to the debtor by the secured creditor no later than 30 days before the date of the proposed foreclosure.  Such notice shall be in writing, shall include the name, address, and telephone number of the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor, and shall be sent by registered or certified mail or statutory overnight delivery, return receipt requested, to the property address or to such other address as the debtor may designate by written notice to the secured creditor.

O.C.G.A. § 44-14-162.2(a).  Moreover, any real estate sale "under powers contained in mortgages, deeds, or other lien contracts [will not be] valid unless the sale [is] advertised and conducted at the time and place and in the usual manner of the sheriff's sales in the county in which such real estate . . . is located."  Id. § 44-

4

14-162(a). Within 90 days of the foreclosure sale, all deeds under power must be recorded by the holder of a deed to secure debt or a mortgage with the superior court clerk of the county where the property is located. O.C.G.A. § 44-14-160.

In order to prevail on a wrongful foreclosure claim in Georgia, the plaintiff must establish that the defendant violated Georgia's foreclosure statutes. McCarter v. Banker's Trust Co., 543 S.E.2d 755, 758 (Ga. Ct. App. 2000). The plaintiff must also "establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages." Gregorakos v. Wells Fargo Nat'l Ass'n, 647 S.E.2d 289, 292 (Ga. Ct. App. 2007) (quotation omitted). "A claim for wrongful exercise of a power of sale under O.C.G.A. § 23-2-114 can arise when a creditor has no legal right to foreclose." DeGoyler v. Green Tree Servicing, LLC, 662 S.E.2d 141, 147 (Ga. Ct. App. 2008) (quotation omitted). The statute provides that "[p]owers of sale in deeds of trust, mortgages, and other instruments shall be strictly construed and shall be fairly exercised." O.C.G.A. § 23-2-114.

In light of the limited statutory law governing non-judicial foreclosures, the Northern District of Georgia recently certified several questions to the Supreme Court of Georgia regarding the operation of Georgia's law governing non-judicial foreclosures. You, 2013 WL 2152562 at *1-2. In answering one question, the Georgia Supreme Court concluded that "the holder of a deed to secure debt is

authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed." Id. at *6. In answering another, the Georgia Supreme Court said that:

> If that [individual with the authority to negotiate, amend, and modify the terms of the mortgage] is the holder of the security deed, then the deed holder must be identified in the notice; if that individual [with the authority] is the note holder, then the note holder must be identified. If that individual . . . is someone other than the deed holder or the note holder, such as an attorney or servicing agent, then that person . . . must be identified.

Id.

Based on this case law, we are unconvinced by the Harrises' claim that the district court ignored their well-pled allegations and erred in concluding that Chase had the authority to foreclose on the Property since, the Harrises argue, Freddie Mac, and not Chase, was the actual Note holder and secured creditor at the time of the sale. As the record shows, the district court considered and rejected this argument. Moreover, we recognize that the record is unclear as to whether Chase or Freddie Mac held the Note at that time. Nevertheless, it is not necessary to definitively determine this issue in light of the Georgia Supreme Court's decision in You, which holds that Chase did not need to hold both the Note and Security Deed at the time of the foreclosure sale in order to initiate the foreclosure proceedings. This is because the record is clear that Chase held the Security Deed

6

at the time of foreclosure, and thus, under You, had the authority to foreclose in accordance with the deed's power of sale. Id. at *6.

As for the Harrises's argument that Chase wrongfully foreclosed on the property because it did not provide proper notice under O.C.G.A. § 44-14-162.2(a), we are also unpersauded. The Notice of Foreclosure sent by McCalla Raymer, LLC, on behalf of Chase, satisfied the statute on its face because it was in writing; identified Chase as the entity with full authority to amend, negotiate, and modify the terms of the loan; and provided Chase's address and telephone number. See O.C.G.A. § 44-14-162.2(a). The Harrises argue that the Notice was nevertheless insufficient because it said that Chase had full authority to negotiate, amend, and modify the terms of their loan, when in fact Freddie Mac, as the holder of the promissory note, was the entity with such authority. Under You, however, the fact that Freddie Mac may have been the Note holder and secured creditor does not mean that Chase did not have the full authority to amend, negotiate, and modify the terms of the loan. Indeed, the secured creditor did not need to be identified in the Notice of Foreclosure. The only entity that had to be identified in the Notice was the one with the full authority to negotiate, amend, or modify the terms of the loan, and that could be the deed holder, note holder, attorney, or servicing agent.

You, 2013 WL 2152562, *6.  Therefore, the district court properly concluded that the notice was sufficient under O.C.G.A. § 44-14-162.2(a).[2]

**AFFIRMED.**

---

[2]    Accordingly, Appellants' motion for reinstatement of oral argument is DENIED.