[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14535
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-00688-JOF

CLARENCE CARR,

Plaintiff-Appellant,

versus

U.S. BANK, NA,
as Trustee for TBW Mortgage Backed-Trust
Series 2006-5 Mortgage Pass Through
Certificates 2006-6,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 5, 2013)

Before HULL, JORDAN and FAY, Circuit Judges.

PER CURIAM:

Clarence Carr appeals the district court's grant of summary judgment in favor of U.S. Bank, NA ("U.S. Bank") on his wrongful foreclosure claim arising under Georgia law in his action that was removed from state court on diversity jurisdiction, 28 U.S.C. §§ 1332, 1441.  We affirm.

I.

In his complaint, Carr claimed that U.S. Bank wrongfully had foreclosed on his real property.  He alleged that, although he had signed the underlying security deed, the notice of the initiation of proceedings to exercise the power of sale in the security deed was not sent by the secured creditor, in violation of Georgia law.[1]

U.S. Bank filed a summary judgment motion and argued Carr had received proper notice of the initiation of foreclosure proceedings under Georgia law by a letter dated January 7, 2010 ("January 2010 letter"), that Moss Codilis, L.L.P. ("Moss Codilis") sent on behalf of the servicer and secured creditor.  The January 2010 letter stated that Moss Codilis had been authorized by the servicer of Carr's loan and the creditor to contact Carr and that the servicer was providing formal notice, as authorized by the creditor of the loan, that Carr was in default under the conditions of the note and security instrument for his failure to pay the required

---

[1] Carr's complaint also brought suit against Mortgage Electronic Registration Systems, Inc.  Carr's case against that entity was dismissed because he failed to properly effect service, and he has abandoned any challenge to that determination by not raising that challenge on appeal. *See Irwin v. Hawk*, 40 F.3d 347, 347 n.1 (11th Cir. 1994) (providing that arguments not raised on appeal are abandoned).

installments when due.  The letter stated that Carr was required to pay the full amount of the default on the loan by the 35th day from the date of the letter.  If Carr did not comply, then the entire sum due would be accelerated and any remedies provided in the note and security instrument would be invoked, including foreclosing on the property.

Carr responded the January 2010 letter did not satisfy the notice requirements of O.C.G.A. §44-14-162.2, because the notice was not sent by the secured creditor.  He noted that the January 2010 letter was sent on behalf of the servicer and failed to identify the secured creditor by name.

In a report and recommendation ("R&R"), the magistrate judge determined that Carr could not show any breach of a legal duty owed to him by U.S. Bank based on a failure to comply with Georgia's statutory notice requirements.  The magistrate concluded that § 44-14-162.2 did not require the notice of the initiation of foreclosure proceedings to identify the secured party, only that the notice provide the "name, address, and telephone number of the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor."  In this case, the notice sufficiently provided the required information.  The magistrate further determined that the notice required under § 44-14-162.2 could be sent by a duly authorized agent.  Accordingly, because the notice was sent on behalf of the loan servicer and the creditor by an authorized

3

agent of the entity to whom indebtedness was owed, the notice complied with § 44-14-162.2. The magistrate recommended that U.S. Bank's motion for summary judgment be granted with respect to Carr's wrongful foreclosure claim.

Carr did not file any formal objections to the magistrate's R&R. The district court reviewed and adopted the R&R, and it granted U.S. Bank's motion for summary judgment.

## II.

On appeal, Carr argues the district court erred in granting summary judgment in favor of U.S. Bank, because the record before the district court did not contain any evidence showing that Carr received proper notice of the foreclosure sale of his property, as required by § 44-14-162.2. Carr argues that the January 2010 letter could not serve as the notice required under § 44-14-162.2. He contends the letter did not identify the secured creditor on whose behalf notice was being provided, and the letter was sent by a law firm on behalf of the loan servicer and an unidentified creditor. Carr argues the district court erred in determining that he could not demonstrate a causal relationship between any defect in the notice and his claimed injuries.[2]

---

[2] Carr also argues for the first time on appeal that: (1) he did not receive a copy of the advertisement of the foreclosure sale; (2) no notice was sent by registered, certified, or overnight mail; (3) he did not receive notice of the specific date of the foreclosure sale; and (4) he was not actually notified of the initiation of the proceedings to exercise the power of sale, as the January 2010 letter only threatened to commence such proceedings. We decline to address these arguments not raised in the district court. *See Ramirez v. Sec'y, U.S. Dep't of Transp.*, 686 F.3d

We review *de novo* a district court's grant of summary judgment. *Burton v. Tampa Hous. Auth.*, 271 F.3d 1274, 1276 (11th Cir. 2001). Summary judgment should be granted where the movant shows there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a).

In order to prevail on a wrongful foreclosure claim in Georgia, the plaintiff must establish the defendant violated Georgia's foreclosure statutes. *McCarter v. Bankers Trust Co.*, 543 S.E.2d 755, 758 (Ga. Ct. App. 2000). "[A] plaintiff asserting a claim of wrongful foreclosure must establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages." *Gregorakos v. Wells Fargo Nat'l Ass'n*, 647 S.E.2d 289, 292 (Ga. Ct. App. 2007) (citation, internal quotation marks, and alteration omitted).

Pursuant to § 44-14-162.2(a), the following notice requirements must be given to the debtor prior to a foreclosure sale:

> [n]otice of the initiation of proceedings to exercise a power of sale in a mortgage, security deed, or other lien contract shall be given to the debtor by the secured creditor no later than 30 days before the date of the proposed foreclosure. Such notice shall be in writing, shall include the name, address, and telephone number of the individual or entity who shall have full authority to negotiate, amend, and modify

---

1239, 1249 (11th Cir. 2012) (providing that we will "generally refuse to consider arguments raised for the first time on appeal").

all terms of the mortgage with the debtor, and shall be sent by registered or certified mail or statutory overnight delivery, return receipt requested, to the property address or to such other address as the debtor may designate by written notice to the secured creditor.

O.C.G.A. § 44-14-162.2(a).  Where notice is not proper under § 44-14-162.2, the sale of the underlying real estate is not valid.  *See* O.C.G.A. § 44-14-162(a).

The Northern District of Georgia recently certified three questions to the Supreme Court of Georgia regarding the operation of Georgia's law governing non-judicial foreclosures.  *You v. JP Morgan Chase Bank, N.A.,* 743 S.E.2d 428, 429-30 (Ga. 2013).  The second question specifically asked: "Does O.C.G.A. § 44-14-162.2(a) require that the secured creditor be identified in the notice described by that statute?"  *Id.* at 430.  The Georgia Supreme Court issued its decision answering this question after briefing concluded in this appeal.

As to the second question, the Georgia Supreme Court answered in the negative and referenced the language in O.C.G.A. § 44-14-162.2(a) to determine whom the notice must name.  *Id.* at 433.  It stated:

> If that [individual with the authority to negotiate, amend, and modify the terms of the mortgage] is the holder of the security deed, then the deed holder must be identified in the notice; if that individual or entity [with the authority] is the note holder, then the note holder must be identified.  If that individual or entity is someone other than the deed holder or the note holder, such as an attorney or servicing agent, then that person must be identified.

*Id.* at 433-34.

Carr's argument, that the January 2010 letter does not identify the secured creditor, is meritless because § 44-14-162.2(a) does not require that a notice of the initiation of proceedings to exercise a power of sale do so. *See id.* In fact, the case most heavily relied upon by Carr to argue this point was vacated and remanded for reconsideration by the Georgia Supreme Court following its *You* decision. *See Reese v. Provident Funding Assocs.*, 730 S.E.2d 551 (Ga. Ct. App. 2012), *vacated and remanded*, No. S12C2028, order (May 20, 2013). *You* explains that § 44-14-162.2(a) only requires notice letters to identify the entity with the authority to modify the mortgage. *See You*, 743 S.E.2d at 433-34. The district court determined that the January 2010 letter identified the entity with the authority to modify the mortgage. Because Carr has not challenged this determination on appeal, his argument is abandoned. *See Irwin*, 40 F.3d at 347 n.1.

Carr's argument that the January 2010 letter was improper because it was sent by a law firm is without merit. In *Reese*, the Georgia Court of Appeals determined that § 44-14-162.2 does not require the secured creditor to send the notice of the initiation of foreclosure proceedings. *See Reese*, 730 S.E.2d at 552-53, *vacated and remanded on other grounds*, No. S12C2028, order (May 20, 2013). An entity with authority to act on behalf of the secured creditor may send the relevant notice. *Id.* Further, the notice did not need to reflect that Moss Codilis had the authority to send the notice on behalf of the secured creditor. *See You*, 743

S.E.2d at 433-34 (providing that only the individual or entity with the authority to modify the terms of the mortgage must be identified in the § 44-14-162.2 notice). Carr has not shown that notice was improper under § 44-14-162.2, such that the foreclosure sale was invalid. *See* O.C.G.A. § 44-14-162(a). Additionally, Carr has not shown that U.S. Bank breached a legal duty owed to Carr with respect to providing notice under § 44-14-162.2. *See Gregorakos*, 647 S.E.2d at 292. Because Carr has not shown that U.S. Bank breached a legal duty owed to him, his wrongful foreclosure claim is unavailing. *See id.* Consequently, it is unnecessary to address Carr's arguments concerning whether he can show causation as to that claim.

**AFFIRMED.**