**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**October 2, 2014**

# In the Court of Appeals of Georgia

A14A1118. HARRIS v. THE STATE.

RAY, Judge.

Following a jury trial, Michael Orlando Harris was convicted of child molestation (OCGA § 16-6-4 (a)). On appeal, Harris contends that his trial counsel was ineffective in failing to render informed advice as to whether he should accept the State's offer of a negotiated guilty plea. For the reasons set forth below, we disagree and affirm.

Viewed in the light most favorable to the jury's verdict, see *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979), the evidence shows that in April 2011, Harris lived with his wife, Quianna Harris, their two young children, and twelve-year-old P. D., Quianna Harris's daughter from a previous relationship. P. D. testified that while she and Harris were alone in the house, they played the game

of "truth or dare." During the course of the game, Harris dared P. D. to take off her clothes, which she did. After P. D. put her clothes back on, she noticed that Harris, who was clothed, had an erection. P. D. further testified that Quianna Harris became angry after she found out what P. D. and Harris had done, and that she came into P. D.'s room, scratched her, and pulled her out of the bed.

A police officer interviewed P. D. at her school, and P. D. told the officer that Harris dared her to undress and that she got naked. When the officer spoke with Quianna Harris, she informed him that Harris told her that he played "truth or dare" with P. D. and that he had asked P. D. to get nude. The officer also testified that Harris told the officer that he had played "truth or dare" with P. D. and that he had dared P. D. to get naked.

A grand jury issued a bill of indictment accusing Harris of one count of child molestation and one count of enticing a child for indecent purposes. Before trial, the State extended a plea offer to Harris consisting of ten years probation, along with conditions including that he register as a sex offender. Harris rejected the offer. At trial, before joining issue, the State gave Harris an opportunity to reconsider whether he wanted to pursue a negotiated plea. After consultation with Harris, defense counsel informed the trial court that Harris had chosen to go forward. The case proceeded to

trial, and after the trial court granted Harris's motion for a directed verdict on the charge of enticing a child for indecent purposes, the jury found Harris guilty of child molestation. The trial court then sentenced Harris to 12 years, with the first five years to be served in confinement and the remainder to be served on probation. Following a hearing, the trial court denied Harris's motion for new trial. Harris appeals.

Harris contends that his conviction should be reversed because he did not receive informed advice during pre-trial discussions with his trial counsel and that, but for trial counsel's deficiencies, there is a reasonable probability that he would have accepted the State's plea offer. We disagree.

To show ineffective assistance of trial counsel, Harris is required to establish that his "attorney's performance was deficient, and that the deficiency caused such prejudice that there is a reasonable likelihood that, but for the attorney's error, the outcome at trial would have been different." *Dulcio v. State*, 292 Ga. 645, 650 (3) (740 SE2d 574) (2013). He must also "overcome the strong presumption that counsel's conduct fell within the range of reasonable professional conduct, which is broad." Id. In our appellate review, we defer "to the trial court's factual findings, which are to be upheld unless clearly erroneous, and examine[] the lower court's legal conclusions de novo." Id.

In the context of plea negotiations, the decision whether to accept a proposed plea agreement must be made by the accused, who "should have the full and careful advice of counsel." (Citation and punctuation omitted.) *Cammer v. Walker*, 290 Ga. 251, 255 (2) (719 SE2d 437) (2011).

> [P]rior to trial an accused is entitled to rely upon his counsel to make an independent examination of the facts, circumstances, pleadings and laws involved and then to offer his informed opinion as to what plea should be entered. An attorney ordinarily may satisfy the duty to provide informed legal advice regarding a plea offer by discussing with the accused the risks of going to trial, the evidence against him or her, and differences in possible sentences that would be imposed following a guilty plea and following a conviction at trial.

(Citations and punctuation omitted.) Id.; see *Lloyd v. State*, 258 Ga. 645, 648 (2) (a) (373 SE2d 1) (1988) (defendant "is entitled to be told that an offer to plead guilty has been made and to be advised of the consequences of the choices confronting him").

Harris's trial counsel testified at the hearing on motion for new trial that he informed Harris that the State had extended a plea offer of ten years probation pursuant to which Harris would have to register as a sex offender. Counsel told Harris that if he went to trial and lost, he could be sentenced to up to 20 years in prison. Harris, according to trial counsel, did not want to register as a sex offender, but

counsel told Harris that if he was convicted he would almost certainly go to prison and that he would still have to register as a sex offender. Counsel also informed Harris that the statement of a child is enough to convict for child molestation, and he told him that "if the jury believes [P. D.], he's going to prison. If the jury doesn't believe the child, he's not. And he has the option to walk back out the door with a probated sentence." Counsel maintained that he made a copy of the discovery he received from the State and shared it with Harris. He could not recall if he also made copies for Harris of the recorded statements of the witnesses, but counsel listened to the recordings and informed Harris of the contents of the statements. In view of the foregoing, the evidence is sufficient to establish that Harris's trial counsel informed him of the State's plea offer, and that they discussed the risks of going to trial, the evidence against Harris, and the differences in possible sentences following a guilty plea and following a conviction at trial, which "ordinarily may satisfy the [attorney's] duty to provide informed legal advice regarding a plea offer[.]" *Cammer*, supra at 255 (2).

Harris argues that his counsel nevertheless failed to perform adequate legal research,[1] and did not properly advise Harris of the applicable law– in particular that touching a child is not required to show child molestation and that the act required by the criminal statute may be verbal. See, e.g., *Hicks v. State*, 254 Ga. App. 814, 816 (2) (563 SE2d 897) (2002) (verbal act of asking the victim to spread her legs was sufficient to support conviction for child molestation); *Thompson v. State*, 187 Ga. App. 563, 563-564 (2) (370 SE2d 819) (1988) (although defendant did not touch the child, evidence that he required the child to dance naked in front of him was sufficient to constitute child molestation). Harris points out that during the hearing on motion

---

[1] Harris also asserts in his claim of error that trial counsel "failed to interview witnesses or review discovery adequately with appellant," but he fails to support these claims with citation of authority or argument. See Court of Appeals Rule 25 (c) (an enumeration of error which is not supported in the brief by citation of authority or argument may be deemed abandoned). However, as we mentioned supra, counsel testified that he made copies of the State's discovery for Harris and informed him of the contents of the witnesses' recorded statements. To the extent it can be inferred that Harris claims that his counsel was deficient in failing to interview P. D., trial counsel testified that he chose not to ask the child about the case or her recorded statement because he did not "want to show our hand." Given that trial counsel reviewed P. D.'s statements to police and made a considered, tactical decision not to attempt to interview the child, we cannot say that counsel's actions fell outside the broad range of reasonable professional conduct, nor that counsel's decision prejudiced Harris. See generally *Robbins v. State*, 290 Ga. App. 323, 332 (4) (e) (659 SE2d 628) (2008) (appellant failed to show that he was prejudiced by counsel's failure to interview the child victim).

for new trial, his trial counsel maintained that the case against Harris did not "fit[] the parameters of child molestation[.]" Harris also testified that his trial counsel told him that there was no child molestation because he did not touch P. D.

Notwithstanding Harris's arguments, trial counsel testified that he conducted legal research and that he was familiar with *Hicks*, supra. Counsel also maintained that he informed Harris that he could be convicted of child molestation if the jury concluded that anything Harris did was an immoral act to someone under the age of 16. See OCGA § 16-6-4 (a) (1) ("A person commits the offense of child molestation when such person . . . [d]oes any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person."); *Thompson*, supra at 563 (2) ("[w]hether defendant committed an indecent or immoral act in the presence of the victim . . . with the intent to arouse the sexual desires of either the victim or himself . . . is a jury question, and what the jury determines from a consideration and evaluation of the whole ought to be accepted"). After hearing the witnesses' testimony, the trial court, acting as the finder of fact, concluded that Harris's trial counsel did inform Harris that he could be convicted of child molestation and that much of Harris's testimony was "not . . . at all credible." See, e.

7

g., *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003) (the appellate court will accept the trial court's factual findings and credibility determinations unless clearly erroneous); *In the Interest of K. F.*, 316 Ga. App. 437, 437-438 (1) (729 SE2d 575) (2012) (notwithstanding the accused's testimony that his counsel had visited him only twice and did not communicate any information as to the evidence that would be presented at trial, or that the State had presented any plea offers, trial court was authorized to believe trial counsel's testimony even though it conflicted with that of the accused). In view of the foregoing, the evidence authorized the trial court to find that Harris's trial counsel fulfilled his duty of providing Harris with informed legal advice regarding the plea offer, and that counsel's performance was not deficient.

*Judgment affirmed. Andrews, P. J., and McFadden, J., concur*.