**THIRD DIVISION**
**ELLINGTON, P. J.,**
**MCFADDEN and MERCIER, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 24, 2016**

# In the Court of Appeals of Georgia

A15A2148. WILEY v. THE STATE.

ELLINGTON, Presiding Judge.

A Banks County jury found Crystal Wiley guilty of four counts of aggravated child molestation, OCGA § 16-6-4 (c); four counts of child molestation, OCGA § 16-6-4 (a) (1); and four counts of sexual battery, OCGA § 16-6-22.1 (b). Wiley appeals following the trial court's denial of her motion for new trial. She contends that her trial counsel was ineffective in failing to offer his informed opinion as to whether she should accept or reject the State's plea offer of 15 to 20 years, to serve ten in prison.

The evidence, viewed in the light most favorable to the jury's verdict, see *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979), showed that the victim's mother, who was also Wiley's sister, testified that Wiley told her in 2012 that Wiley had molested the victim beginning when the victim was seven years old.

Within hours of Wiley's disclosure, the mother spoke to the victim, then eleven years old, and she confirmed that Wiley had molested her. The victim testified to multiple acts of sodomy and molestation committed against her by Wiley.

The trial court sentenced Wiley to life imprisonment, to serve 25 years, on each count of aggravated child molestation, ten years to serve on each count of child molestation, and twelve months to serve on each count of sexual battery, with all sentences to run concurrently. Wiley moved a for new trial and argued, among other things, that her trial counsel was ineffective in failing to offer an informed opinion of what plea she should enter.

The evidence presented at the hearing on Wiley's motion for new trial showed that the prosecutor made a plea offer pursuant to which Wiley would plead guilty to child molestation and be sentenced to either 15 or 20 years,[1] to serve ten in prison. Within a week of trial, counsel met with Wiley and her parents for several hours. Counsel testified that the discussions regarding the plea offer lasted more than an hour, which included periods when he left the room so that Wiley could discuss the offer with her parents. According to counsel, he advised Wiley that if she accepted

---

[1] Counsel could not recall if the offer was for 15 years or 20 years, but he testified that it was a "matter of serving ten."

the plea she would serve between 70 to 90 percent of the "jail time," but if she went to trial and was found guilty she would serve "a straight 25 years" without any probation or parole. During the meeting, counsel advised that the weaknesses of the defense's case included that the victim claimed that Wiley had committed the offenses and that counsel had been unable to speak to the victim so as to evaluate her as a witness. Counsel also advised Wiley that the strength of the defense's case was the period of time between the alleged crimes and the victim's outcry, as well as the forensic interview of the victim, which counsel assessed as "not looking to . . . get objective answers . . . but to solicit support" for the outcry. Counsel did not advise Wiley as to his opinion of the likelihood that she would be convicted, nor did he offer an opinion as whether Wiley should accept or reject the plea.

Wiley testified at the hearing on motion for new trial that the discussion with her counsel regarding the plea offer lasted between one and two hours. To her recollection, the State's plea offer was fifteen years, "do nine." She recalled that counsel advised her of the strengths and weaknesses of the case, and then "left [her] and [her] family to make a decision." She acknowledged that counsel had informed her that if she were convicted of aggravated child molestation that the sentence would be 25 years to life.

3

When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below the objective standard of reasonableness, -- that is, reasonable considering all the circumstances. And, that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

(Citations and punctuation omitted.) *Lloyd v. State*, 258 Ga. 645, 647 (2) (373 SE2d 1) (1988). See *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984). "In reviewing the trial court's decision, we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." (Citations and punctuation omitted.) *Hughes v. State*, 289 Ga. 98, 100 (3) (709 SE2d 764) (2011).

Whether to plead guilty is a decision belonging to the accused, not his or her attorney. *Cammer v. Walker*, 290 Ga. 251, 254 (1) (719 SE2d 437) (2011). Although the accused must make the decision whether to accept a proposed plea agreement, "the accused should have the full and careful advice of counsel." (Citations and punctuation omitted.) Id. at 255 (2). Thus, before trial, the "accused is entitled to rely upon his [or her] counsel to make an independent examination of the facts,

4

circumstances, pleadings and laws involved and then to offer his [or her] informed opinion as to what plea should be entered." (Citation and punctuation omitted.) Id. See *Johnson v. State*, 289 Ga. 532, 534 (712 SE2d 811) (2011) (accord); *Cleveland v. State*, 285 Ga. 142, 144 (674 SE2d 289) (2009) (accord).

Wiley contends that her trial counsel was deficient in failing to give his "professional input" as to whether she should accept or reject the State's plea offer. The evidence shows without dispute that trial counsel did not offer his opinion as to whether Wiley should, or should not, accept the plea deal. However, counsel advised Wiley of the State's plea offer, made her aware of the sentences she faced if she pleaded guilty or was convicted following a trial, and discussed the evidence against her, including his professional assessment of the strengths and weaknesses of the evidence. Wiley does not identify, and we are unaware, of authority requiring that in every instance defense counsel, in the exercise of objectively reasonable assistance, must advise the accused either to accept or reject a plea offer.[2] An inquiry into the

[2] As expressed by the United States Court of Appeals for the Second Circuit, in the context of plea offers, "[c]ounsel's conclusion as to how best to advise a client in order to avoid, on the one hand, failing to give advice and, on the other, coercing a plea enjoys a wide range of reasonableness because representation is an art, and there are countless ways to provide effective assistance in any given case." (Citations and punctuation omitted.) *Purdy v. United States*, 208 F3d 41, 45 (2nd Cir. 2000).

reasonableness of counsel's performance must be made "considering all the circumstances." *Strickland v. Washington*, 466 U.S. at 688 (III) (A). And the Supreme Court of Georgia has said that "[a]n attorney ordinarily may satisfy the duty to provide informed legal advice regarding a plea offer by discussing with the accused the risks of going to trial, the evidence against him or her, and differences in possible sentences that would be imposed following a guilty plea and following a conviction at trial." (Citations omitted.) *Cammer v. Walker*, 290 Ga. at 255 (2). See *Johnson v. State*, 322 Ga. App. 612, 619 (4) (744 SE2d 903) (2013) (accord). Here, Wiley's counsel provided her with such advice.

Wiley maintains that her counsel should have done more, particularly by offering his opinion as to which plea should be entered, because of the facts of the case, because she had been diagnosed as paranoid schizophrenic, and because she was facing a penalty of at least 25 years to serve in prison, without probation or parole, if she proceeded to trial and was convicted. Trial counsel could have reasonably concluded, however, that the evidence against Wiley was not overwhelming and there were circumstances, particularly the delay in the victim's outcry, which were favorable to the defense. Neither of the choices confronting Wiley, to either accept the plea offer or to proceed to trial, were shown to be unreasonable in light of the

6

facts of the case against her, and we cannot conclude that trial counsel acted unprofessionally in failing to expressly advise Wiley to choose one over the other. Trial counsel was also aware that Wiley had been diagnosed with paranoid schizophrenia, he reviewed her medical records, and he knew that she had been receiving outpatient care and medication.[3] Wiley does not show that her trial counsel made any unprofessional decisions in light of her medical diagnosis. And, insofar as the severity of the sentence she faced if she was convicted following a trial, Wiley was advised by counsel of this risk. According to trial counsel, Wiley gave the State's plea offer "serious consideration." The evidence supports the trial court's findings that Wiley was "fully informed of what she was facing" and "had full awareness of her alternatives," and that, under the circumstances, counsel's performance did not

---

[3] At the hearing on the motion for new trial, Wiley testified as to the medication she was taking when she conferred with counsel regarding the plea offer, and, upon questioning by the trial court, acknowledged that the medication was a mood stabilizer that did not cause negative side effects.

7

fall below the objective standard of reasonableness.[4] The trial court did not err in

rejecting Wiley's claim of ineffective assistance of counsel.[5]

*Judgment affirmed. Mercier, J., concurs. McFadden, J., concurs specially.*

---

[4] See *Johnson v. State*, 276 Ga. 57, 60 (4) (a) (573 SE2d 362) (2002) (Trial counsel's testimony that he had discussed with appellant matters such as the risks of going to trial, the evidence against him, and the possible punishment, was sufficient for the trial court to conclude that appellant had not shown that his trial counsel was deficient in his duty to provide informed legal advice.); *Lloyd v. State*, 258 Ga. at 648 (2) (a) (A defendant "is entitled to be told that an offer to plead guilty has been made and to be advised of the consequences of the choices confronting him [or her]."); *Harris v. State*, 330 Ga. App. 165, 167 (767 SE2d 747) (2014) (Evidence showed that appellant's trial counsel informed him of the State's plea offer, and that they discussed the risks of going to trial, the evidence against him, and the differences in possible sentences following a guilty plea and following a conviction at trial, and such will ordinarily satisfy the attorney's duty to provide informed legal advice regarding a plea offer.).

[5] The trial court also found that Wiley failed to show prejudice in that, even if defense counsel's performance was deficient, Wiley did not show that there was a reasonable probability that she would have accepted the State's plea offer if counsel had so advised. See *Cleveland v. State*, 285 Ga. 142, 148 (647 SE2d 289) (2009) (To show prejudice, the defendant was required to carry the "burden of proving a reasonable probability that, but for counsel's deficient performance, he would have pled guilty."). However, as Wiley failed to carry her burden to show her counsel's performance was deficient, we need not consider the issue of prejudice. See *State v. Mobley*, 296 Ga. 876, 878-878 (770 SE2d 1) (2015) ("[A] court is not required to address both components of the inquiry [into ineffective assistance] if the defendant makes an insufficient showing on one.") (citation and punctuation omitted).

A15A2148. WILEY v. THE STATE.

MCFADDEN, Judge, concurring specially.

I agree that Crystal Wiley has not shown that she received ineffective assistance of counsel, but I would decide the appeal on her failure to show prejudice instead of reaching the issue of whether trial counsel's performance was deficient. See *Hendrix v. State*, 298 Ga. 60, 61-62 (2) (779 SE2d 322) (2015) (where defendant fails to satisfy either the "deficient performance" or the "prejudice" prong of the test for ineffective assistance set forth in *Strickland v. Washington*, 466 U. S. 668, 695 (779 SE2d 322) (2015) (104 SCt 2052, 80 LE2d 674) (1984), the reviewing court need not examine the other prong).

This appeal arises from Wiley's regret at having turned down a plea offer. She argues that she received ineffective assistance of counsel because her trial counsel "fail[ed] to give his professional input as to the acceptance or rejection of the proposed plea." The majority rejects that argument, and the record supports a finding that trial counsel exhibited a high level of diligence in assisting with what appears to have been an agonizing decision, given that the plea offer reflected a substantial possibility of acquittal. But the record also undisputedly reflects that trial counsel did

not offer Wiley his bottom-line opinion as to whether or not she should accept the plea offer.

The majority holds that trial counsel's decision not to offer a bottom-line opinion was a reasonable exercise of his professional judgment, and I find that analysis persuasive. But I do not concur in the analysis because it does not address one of Wiley's primary arguments – the implications of the following language from our Supreme Court's decision in *Cleveland v. State*, 285 Ga. 144 (674 SE2d 289) (2009): "The Supreme Court [of the United States] held over sixty years ago that '(p)rior to trial an accused is entitled to rely upon his counsel to make an independent examination of the facts, circumstances, pleadings and laws involved and then *to offer his informed opinion as to what plea should be entered*.'" Id. at 144 (emphasis added), citing *Von Moltke v. Gillies*, 332 U. S. 708, 721 (68 SCt 316, 92 LE 309) (1948) (plurality opinion). (In her brief Wiley improperly attributes this language to *Lloyd v. State*, 258 Ga. 645 (373 SE2d 1) (1988), a decision that does not contain the language but that is discussed by our Supreme Court in *Cleveland*, supra.)

Although it seems unlikely that either the Supreme Court of the United States or our Supreme Court intended the result for which Wiley advocates here, the language those courts used does, at least at first blush, suggest that trial counsel must

2

give a bottom-line opinion in advising a defendant on a plea deal. Nevertheless, Wiley has pointed to no authority applying the above language in such a manner, and I am aware of none.

Under these circumstances, I believe the better approach is to assume without deciding that Wiley has shown deficient performance and to instead resolve this case on the prejudice prong. Where, as here, "the defendant's complaint is that [s]he went to trial instead of pleading guilty because of counsel's deficient representation . . . the proper question . . . is whether [she] demonstrated that, but for counsel's deficient performance, there is a reasonable probability that [s]he would have accepted the [s]tate's plea offer." *Cleveland*, supra, 285 Ga. at 145 (citations omitted). Wiley offered no evidence whatsoever that there was a reasonable probability that she would have accepted the plea offer had her trial counsel given his bottom-line opinion about whether or not to accept it. Wiley did testify at the hearing on her motion for new trial that there was a reasonable probability she would have accepted the plea offer had her trial counsel specifically opined that certain evidence might be excluded, that her motion to dismiss certain charges might not be successful, or that there was a significant chance she might be convicted. She also testified that, had her trial counsel "spent more time with [her] discussing the different aspects of the plea and the

3

evidence and the law" that there was a reasonable probability she would have accepted the offer. Her testimony, however, did not speak to the issue of her trial counsel's failure to give a bottom-line opinion on whether or not she should plead. Moreover, the trial court expressly found these post-trial assertions not to be credible, and Wiley's credibility on this point was a matter for the trial court to decide. See id. at 147.

Accordingly, the record supports the trial court's finding that Wiley failed to demonstrate the prejudice required for her claim of ineffective assistance of trial counsel, and for that reason I concur in affirming the trial court's judgment.