Markle, Judge, concurring in part and dissenting in part.
I concur with the majority's decision to affirm the dismissal of the emotional distress claim. With regard to Appellant's claims of fraud and RICO, I also concur with the conclusion that those matters must be remanded to the trial court. As this case is currently before us to review a ruling on a *768 motion to dismiss, I must agree that Appellant may be able to allege facts that are sufficient enough to support those contentions, as unlikely as that may be. As for Appellant's remaining claims for wrongful foreclosure and the derivative tort claim of malicious interference with property, however, I believe those matters are conclusively controlled by our decision in Gregorakos v. Wells Fargo N.A. , 285 Ga. App. 744, 647 S.E.2d 289 (2007), and so I respectfully dissent.
In Gregorakos , we held that a plaintiff could establish standing to bring a wrongful foreclosure claim based upon a faulty security deed when she is in privity of estate with the grantor, which is required to reform a deed in equity based upon mutual mistake. Id. at 746-747 (1), (2), 647 S.E.2d 289. Otherwise, a plaintiff cannot show the necessary elements to support a claim for wrongful foreclosure. Id. at 747-748, 647 S.E.2d 289 (citing Heritage Creek Dev. Corp. v. Colonial Bank , 268 Ga. App. 369, 371 (1), 601 S.E.2d 842 (2004) ).
Here, the majority acknowledges that Appellant was not in privity with Appellee, but attempts to distinguish Gregorakos so as to allow Appellant to challenge Appellee's right to foreclose ex post facto. I find those efforts unavailing. Just as in Gregorakos , Appellant had no legally cognizable interest in the property at the time the grantor conveyed her interest in the property via the security deed in question. Just as in Gregorakos , the legal description in the security deed was erroneous. Just as in Gregorakos , Appellant had at least constructive notice that the open security deed encumbered the property at the time he obtained his interest. As a result, I would find that on the facts as alleged, Appellant cannot recover for any defect in the security deed that he contends led to the wrongful foreclosure and I would affirm the trial court. Accordingly, I respectfully dissent.